ANDREW P. YOUNG, in equity, *vs.* JACOB WITHAM.

Franklin.    Opinion January 1, 1884.

*Equity practice.   Appeal.   Decision of single judge on questions of fact.*

When an appeal in equity from the decision of a single judge is heard by the whole court upon a report of all the evidence adduced at the original hearing, the decision of such judge, as to matters of fact, will not be reversed, unless it clearly appears that such decision is erroneous.   The burden to show the error lies on the appellant.

ON APPEAL.

Bill in equity to compel the defendant to convey to the plaintiff certain premises in Letter E plantation, Franklin county.   The case was heard by a single judge, and certain questions submitted to a jury at the September term, 1882, Franklin county, when the judge ordered the defendant to convey the premises named in the bill in accordance with the prayer of the petitioner and the defendant appealed.

*H. L. Whitcomb*, for the plaintiff.

*James Morrison, Jr.* for the defendant.

PETERS, C. J.  This is an appeal from the decision of a single judge sitting in a case in equity.   The first inquiry is, what weight shall attach to the opinion of such judge upon matters of fact decided by him, when the case is heard by the whole court upon a report of all the evidence adduced at the original hearing?  We think the true rule to be that his decision, as to matters of fact, should not be reversed, unless it clearly appears that such decision is erroneous.   The burden to show the error falls upon the appellant.   Such is the rule in actions at law, when moving against a decision based upon facts and involving no ruling of law, and the same rule should hold good in proceedings in equity.  It is so held generally in the cases where the question has arisen.

*Reed* v. *Reed*, 114 Mass. 372 ; *Slack* v. *Slack*, 123 Mass. 443 ; *Hunter* v. *Marlboro*, 2 Woodb. & M. 168 ; *Jenkins* v. *Eldredge*, 3 Story, 299 ; *Garner* v. *Pomroy*, 12 Iowa, 149 ; Story's Eq. Pl. 421. In 1 Barb. Ch. Pr. 395, it is said, "On an appeal the burden lies on the appellant. He must show the decree appealed from to be clearly wrong ; otherwise it will be affirmed."

There is good reason for the rule in our practice. Cases are now heard before a single judge mostly upon oral evidence. When the testimony is conflicting, the judge has an opportunity to form an opinion of the credibility of witnesses, not afforded to the full court. Often there are things passing before the eye of a trial judge that are not capable of being preserved in the record. A witness may appear badly upon the stand and well in the record. In the case of *The Glannibanta*, 1 L. R. P. Div. 283, the court said, "We feel the great weight that is due to the decision of a judge of first instance whenever, in a conflict of testimony, the demeanor and manner of the witnesses, who have been seen and heard by him are material elements in the consideration of the truthfulness of their statements, and the court should always bear in mind that it has neither seen nor heard the witnesses, and should make due allowance in this respect." This view is repeated in *Bigsby* v. *Dickinson*, 4 L. R. Ch. Div. 24.

Applying this rule, we cannot say that the sitting justice was manifestly wrong in his decision of the case. The evidence was very conflicting. The complainant would sustain an irreparable loss and forfeiture, if he fails to obtain a favorable decree. The complaint is undoubtedly supported by the verdict and findings of the jury in all essential particulars. The judge so understood it, as he based his decree upon the verdict. It was suggested at the argument, that the complainant is not the proper party to sue. Evidently, no such point was taken in the court below, and the evidence in support of it is too misty, vague and unreliable to sustain any such position now.

*Decree below affirmed with costs.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.