GEORGE H. WILLS *vs.* WILLIAM W. CHURCHILL.

Franklin.    Opinion June 11, 1886.

*Pleadings.    Declaration.    Account annexed.    Demurrer.*

The office of a declaration is to make known to the opposite party and the court, the claim set up by the plaintiff.

The account annexed to a declaration in assumpsit contained the following items under different dates : " Labor, $2.00 " ; " Shingle machine, 100.00 " ; " Pd. freight, 5.00 " ; " To labor, 3.85 ". *Held,* on demurrer, declaration adjudged good.

ON EXCEPTIONS.

Assumpsit on the following account annexed :

Farmington, April 21, 1884.

WM. W. CHURCHILL,

| 1881. | | To | GEO. H. WILLS, | Dr. | |
|---|---|---|---|---|---|
| June 1, | | Labor, | | $ 2.00 | |
| June 11, | | Shingle machine, | | 100.00 | |
| July 5, | | Paid freight, | | 5.00 | |
| 1882. | | | | | |
| Jan'y 6, | | To labor, | | 3.35 | 110.35 |
| 1881. | | | | | |
| July 15, | Cr. | By lumber, | 50.00 | | 50.00 |
| | | Balance due, | | | 60.35 |

The defendant filed a demurrer to the declaration alleging as a cause that the first, third and fourth items were not properly stated. The demurrer was overruled by the presiding justice and the defendant alleged exceptions.

*E. O. Greenleaf,* for the plaintiff, submitted without argument.

*J. C. Holman,* for the defendant.

I think the demurrer should be sustained. I do not think the first, third, and fourth items are sufficiently definite in the account annexed to the writ. If the first item " labor" is good for two dollars it is good for one hundred dollars. It does not state whether it is his own personal labor, or the labor of some one else, or whether it is for that of some domestic animal, or

whether it was performed at one and the same time, or the kind of labor; also, same reasoning as to fourth item. The same reasoning applies to the charge "Pd. freight." For aught that appears it may have been paid at different times and in different items. If so an amendment is necessary, and it seems to me that an inspection of the writ shows an amendment necessary. I reply upon case of *Bennett* v. *Davis*, 62 Maine, 544, and cases there cited.

What protection would a record of this kind be to a defendant for another action by the same party properly stated?

FOSTER, J. The declaration in this case is sufficiently definite to apprise the defendant of the nature of the plaintiff's claim. It is not open to the objections which were sustained in *Bennett* v. *Davis*, 62 Maine, 545; *Bartlett* v. *Ware*, 74 Maine, 293, and *Saco* v. *Hopkinton*, 29 Maine, 272.

In each of those cases the declaration referred to papers other than those attached to the writ, and items were relied upon not stated in the account. Here, the several items are given, specifying the date, nature and amount of each.

Admitting that every item to which objection has been raised may be the subject of a distinct contract, yet each one is alleged with sufficient particularity to admit proof in support of the same. Every item is a bill of particulars.

The office of a declaration is to make known to the opposite party and the court the claim set up by the plaintiff. To such claims the defendant is called to answer and to no others. But what more specific claim need be alleged than that wherein the plaintiff sets out that on a certain day he performed labor for the defendant, and in the same charge carries out a price which he seeks to recover for that labor? Or, that he paid, on a particular day, a specified sum for freight, for which he also seeks a recovery? For, the legal meaning of the charge may be read along with it, *Cape Elizabeth* v. *Lombard*, 70 Maine, 399.

The objection that the particular kind of labor performed each day is not specified in addition to the general term "labor" is not tenable. Take an illustration. Suppose instead of one

day's labor the charge had been for any other number — twenty or for fifty. Would it be contended that the various kinds of labor for each day should be specified in order to entitle the plaintiff to recover? Such prolixity in pleading would be neither commendable nor profitable.

This being a question of pleading, all we have to decide is whether the items in the account are sufficient in law. We think they are. *Bassett* v. *Spofford*, 11 N. H. 167; *Bennett* v. *Davis, supra*; *Cape Elizabeth* v. *Lombard, supra*.

    *Exceptions overruled. Declaration adjudged good.*

PETERS, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.

HASKELL, J. Defendant demurs to the insufficiency of a declaration averring his indebtedness according to the account annexed. The cause assigned for demurrer is the insufficiency of three items in the account. One item in it is conceded to be properly stated. For that reason the demurrer should be overruled.