, VIRAM B. PAUL *vs.* JESSE H. FRYE and another.

Waldo.    Decided December 22, 1887.

*Equity practice.    Report of master.*

The report of a master has substantially the weight of a verdict, and his conclusions are not to be set aside or modified without clear proof of error. The decision of a single justice upon matters of fact in an equity hearing will not be reversed unless it clearly appears that the decision is erroneous.

On appeal by the plaintiff.

The opinion states the point.

*Joseph Williamson,* for plaintiff.

The report of a master is not conclusive, although every reasonable presumption is to be made in its favor; and if the evidence clearly shows that he is mistaken in his conclusions, the court will set them aside on exceptions.    *Drew* v. *Beard,* 107 Mass. 64.

*William H. Fogler,* for defendants.

PER CURIAM.    This is an equity appeal.    The bill is to enforce specific performance of an agreement to convey lands. The question was as to the amount the complainant was to pay for such conveyance.    The case was referred to a master, who heard the parties and their witnesses, and examined their papers, and made his report, stating the amount he found due; he also reported the evidence taken before him.    The complainant objected to the master's findings, and was heard thereon by the presiding justice, who reviewed the reported evidence and found the master's findings to be correct, and decreed accordingly.

The complainant thereupon appealed. Questions of fact only are presented by the appeal.

While the master's report upon questions of fact is not conclusive, yet it has substantially the weight of a verdict of a jury; and his conclusions are not to be set aside or modified· without clear proof of error on his part. *Dean* v. *Emerson*, 102 Mass. 480; *Trow* v. *Berry*, 113 Mass. 146; *Richards* v. *Todd*, 127 Mass. 172; *Cary* v. *Herrin*, 62 Maine, 16.

Again, we have before held that the decision of a single justice upon matters of fact in an equity hearing should not be reversed unless it clearly appears that such decision is erroneous. *Young* v. *Witham*, 75 Maine, 536.

The appellant must show the decree appealed from to be clearly wrong, otherwise it will be affirmed.

Applying these rules, we cannot say that the finding of the master and that of the single justice are clearly wrong. The evidence was conflicting, but some of it fully sustains the findings.

*Decree affirmed.*