JOHN B. REDMAN, in equity *vs.* JEREMIAH HURLEY.

Hancock.    Opinion December 30, 1896.

*Equity.    Verdict.    Practice.    Insolvency.*

The soundness of verdicts in actions at law are first determined before judgment. Not so in equity, because some decree should follow the trial, either upon the verdict or against it; and therefore, when a cause in equity comes up on appeal, it comes up for final decision, unless the court shall otherwise order,—which is rarely the case,—and the regularity of procedure upon the trial to the jury becomes wholly immaterial.

A cause in equity in the appellate court is heard anew, and the admission or exclusion of evidence below is of no consequence, except so far as it shall be considered competent for consideration on appeal.

Upon a hearing of an appeal in equity, accompanied by a motion to set aside a verdict and exceptions to the rulings in the court below, *held;* that the motion and exceptions need not be considered on the hearing in the law court; for the vital question is whether there is sufficient legal evidence in the cause to sustain the decree below, which carries with it a presumption in its favor.

*Held;* in this case, that the decree of the court below setting aside a fraudulent conveyance by an insolvent should be sustained.

See *Stuart* v. *Redman, post,* p. 435.

IN EQUITY. ON DEFENDANT'S APPEAL, EXCEPTIONS AND MOTION FOR NEW TRIAL.

This was a bill in equity under which the plaintiff, as assignee in insolvency of Colin McKenzie, sought to recover as assets of said McKenzie an undivided half of the Eagle Hotel, so-called, at Bar Harbor, together with an undivided half of the furniture in the hotel.

The defendant claimed title to the same, it being personal property, and situated on leased land, by a bill of sale to him from the said McKenzie dated November 7, 1892, and recorded November 9, 1892, in the town of Eden.

The plaintiff claimed that the transfer was void for the reason that it was made by McKenzie within six months before the filing of the petition in insolvency against him, and that said McKenzie,

at the time of the alleged transfer, was either insolvent or acting in contemplation of insolvency, and made the alleged transfer to prevent the property from being distributed among his creditors under the insolvent laws of Maine. And, also, that the defendant, at the time, had reasonable cause to believe that said McKenzie was either insolvent or acting in contemplation of insolvency; and that the transfer was thus made to him to prevent the property from coming to the assignee.

### BILL IN EQUITY.

To the Supreme Judicial Court, in equity.

John B. Redman, of Ellsworth, Hancock County, Maine, assignee in insolvency of the estate of Colin McKenzie, of said Ellsworth, insolvent debtor, complains against Jeremiah Hurley of said Ellsworth and says:—

First. That he is the assignee of Colin McKenzie, insolvent debtor, duly appointed as such assignee by the judge of insolvency within and for the County of Hancock on the 10th day of May, 1893, on the petition of the creditors of said debtor, filed in said court March 17, 1893, as appears by the records of said court of insolvency.

Second. That said Colin McKenzie, on the seventh day of November, 1892, was the owner of one-undivided half of a three-story frame building situated on West street in the village of Bar Harbor, Town of Eden, Hancock County, Maine, and known as the Eagle Hotel, together with one-undivided half of the furniture and fixtures belonging to said building, and all of great value, to wit, the value of two thousand dollars.

Third. That on the 7th day of November, 1892, the said Colin McKenzie being then insolvent, and acting in contemplation of insolvency, which said 7th day of November was within six months before the filing of the petition against him, the said Colin McKenzie, the said insolvent debtor, did make a certain transfer and conveyance of said property described in the foregoing paragraph second, to said Jeremiah Hurley, all of which appears by a certain bill of sale of that date recorded November

9th, 1892, in Vol. 9, page 279, of the mortgage records of the town of Eden, an attested copy of the record of said bill of sale to be here in court produced.

Fourth. That said transfer and conveyance of said property was made by the said Colin McKenzie, he then being insolvent and acting in contemplation of insolvency with a view to prevent said property from coming to his assignee, and to prevent the same from being distributed under revised statutes, chapter 70, of the laws of the State of Maine, and to defeat the object of and to impair, hinder, impede and delay the operation and effect of the provisions of said chapter 70 of the revised statutes of Maine; and that said Jeremiah Hurley, at the time of the taking and receiving said transfer and conveyance, had reasonable cause to believe the said Colin McKenzie to be insolvent and acting in contemplation of insolvency, and that such transfer and conveyance was made with a view to prevent said property from coming to his assignee, and to prevent the same from being distributed under chapter 70 of the laws of Maine, and to defeat the object of, and to impair, hinder, and impede and delay the operation and effect of the provisions of said chapter.

Wherefore, the said plaintiff believing that he is entitled to relief in equity prays:

1. That a subpœna, in usual form required, issue unto said Jeremiah Hurley commanding him to appear at a certain day and make full answer to this bill, but not under oath, answer under oath being hereby waived.

2. That said transfer and conveyance, as set forth in paragraph second, be declared by this court to be void, and that the plaintiff recover of the defendant said property as assets of the insolvent.

3. That said defendant, by an order and decree of this court, be prohibited from exercising any acts of control over said property whatever.

4. That the said defendant may be ordered and decreed by this court to make, execute and deliver to your complainant a sufficient conveyance of said property.

5. That an account may be taken of the rents and profits which said defendant has received from said property so transferred and conveyed to him, and that he may be ordered to pay over such rents and profits to the plaintiff.

6. That such further orders and decrees may be made as the nature of the case may require.

Dated this 25th day of September, A. D. 1893.

JOHN B. REDMAN, Assignee.

A. W. KING, Solicitor.

The defendant answered with a general denial and asked to have the issues of fact submitted to a jury. The following are the issues passed upon by the jury with their findings:—

1. Was Colin McKenzie acting in contemplation of insolvency in making the transfer to the defendant of an undivided half of Eagle Hotel, dated November 7, 1892? Answer, yes.

2. Was said transfer of an undivided half of Eagle Hotel to the defendant made by Colin McKenzie with a view to prevent said property from coming to his assignee, and to prevent the same from being distributed among his creditors under the insolvent laws of the State? Answer, yes.

3. Did the defendant, Jeremiah Hurley, then have reasonable cause to believe that Colin McKenzie was acting in contemplation of insolvency in making said transfer of an undivided half of Eagle Hotel, and that said transfer was made by Colin McKenzie with a view to prevent said property from coming to his assignee and to prevent the same from being distributed among his creditors under the insolvent laws of the State? Answer, yes.

### DECREE.

This cause came on to be heard, this second day of May, A. D. 1896, on bill, answer and proofs; and thereupon after hearing thereon, it is ordered, adjudged and decreed as follows:

1. That the transfer and conveyance from Colin McKenzie to Jeremiah Hurley, dated November 7th, 1892, of one-undivided half of a three-story frame building situated on West street, in the

village of Bar Harbor, town of Eden, Hancock County, Maine, and known as the Eagle Hotel, together with one-undivided half of the furniture and fixtures belonging to said building, together with the leasehold interest and rights and privileges belonging thereto, all as set forth in the third paragraph of complainant's bill, and all of which appears by the certain bill of sale referred to in said third paragraph of said bill, is hereby declared void; and that the complainant may recover of said Jeremiah Hurley said undivided half of said property as assets of said insolvent, Colin McKenzie.

2. That said Jeremiah Hurley is hereby prohibited from exercising any acts of control over said property whatever.

3. That the said Jeremiah Hurley make, execute and deliver to the said John B. Redman, assignee in insolvency of Colin McKenzie, within ten days after notice of this decree, a sufficient bill of sale and transfer of said one-undivided half of said property, viz: the same undivided half of the same property as was described as conveyed in the certain bill of sale, dated Nov. 7th, 1892, from Colin McKenzie to said Jeremiah Hurley and recorded Nov. 9th, 1892, in Vol. 9, page 279, of the mortgage records of the town of Eden, which said bill of sale is referred to in paragraph third of the complainant's bill.

4. That the said Jeremiah Hurley render an account of all the net rents and profits which he has received from said property since the same was so transferred and conveyed to him, before L. B. Deasy, master in chancery appointed for that purpose, at such time and place as such master shall appoint. The report of said master to be rendered to this court as soon thereafter as may be, upon which further proceeding may be had.

From this decree the defendant appealed to the law court. He also filed a general motion for a new trial, and had exceptions to the rulings of the justice presiding upon the admissions of evidence, and a portion of the charge to the jury. The disposition made by the law court of the motion and exceptions, similar to those in *Stuart* v. *Redman*, post, p. 435, renders a further statement of them unnecessary.

*A. W. King*, for plaintiff.

Exceptions: The weight of all the authorities, bearing upon this part of the case, is that it is the duty of the court to receive liberally evidence of the acts of the party whose intention it is sought to determine, both before and after the alleged transaction, so far as any of those acts tend in any way to indicate the intention or motive. Wait, Fraud, Convey, pp. 308, 381; *B. & O. R. R. Co.* v. *Hoge*, 34 Pa. 221; *Brittain* v. *Crowther*, 54 Fed. Rep. 295; *Haskins* v. *Warren*, 115 Mass. 538; *Lincoln* v. *Claflin*, 7 Wall. 132; *Burdick* v. *Gill*, 7 Fed. Rep. 668; *Edgell* v. *Lowell*, 4 Vt. 405; *Ingersoll* v. *Baker*, 21 Maine, 274.

*H. E. Hamlin*, for defendant.

The greater part of the deeds admitted in evidence were given some time after sale of the building in dispute to defendant and only three of them were given to defendant. These deeds were improperly admitted in evidence, as against this defendant. He was in no way connected with them and they have no bearing upon the question of McKenzie's condition more than one month before the greater number of them was given.

Plaintiff also introduced the schedule of creditors filed by McKenzie in the insolvent court. This was inadmissible. It was a mere declaration made by McKenzie months after his transfer to defendant, and therefore incompetent to affect defendant's title.

Certified copies of the schedule of debts and list of claims filed in insolvency are incompetent to prove that the debtor was insolvent at the time of making an alleged preference, in a suit by the assignee to recover back the property conveyed. *Simpson* v. *Carleton*, 1 Allen, 109; *Holbrook* v. *Jackson*, 7 Cush. 144.

Counsel also cited: *Thayer* v. *Smith*, 9 Met. 469.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, STROUT, JJ.

HASKELL, J. This is a bill in equity, brought by the assignee of an insolvent debtor, to set aside a conveyance by the insolvent to the defendant in fraud of the insolvent law.

A verdict was rendered below in favor of the plaintiff, and was followed by a decree thereon granting the relief prayed for. Exceptions to the admissibility of evidence, and to the rulings of the presiding justice to the jury were allowed below and are presented here. A motion filed below to set aside the verdict, as against both law and evidence, is also presented here for decision. The defendant also brings the cause up on appeal from the decree below.

The verdict below is advisory only. The court there might grant a decree following the verdict, or directly against it, as the equity of the cause might require. *Metcalf* v. *Metcalf*, 85 Maine, 473.

The soundness of verdicts in actions at law are first determined before judgment. Not so in equity, because some decree should. follow the trial, either upon the verdict or against it, and therefore when a cause in equity comes up on appeal, it comes up for final decision, unless the court shall otherwise order,—which is rarely the case,—and the regularity of procedure upon the trial to the jury becomes wholly immaterial. The cause in the appellate court is heard anew, and the admission or exclusion of evidence below is of no consequence, except so far as it shall be considered competent for consideration on appeal. The motion and exceptions, therefore, need not be considered here; for the vital question is whether there be sufficient legal evidence in the cause to sustain the decree below, which carries with it a presumption in its favor.

The insolvent and defendant were close friends and neighbors. The conveyance in question was dated November 7, 1892. More than a score of conveyances of various kinds from the insolvent were recorded during the months of October, November and December, 1892. Three thousand dollars were drawn from the bank by the insolvent December 23, 1892. Assets amounting to less than one hundred dollars came to the hands of the assignee on the following March. The defendant is shown to have been familiar with the business of the insolvent, and must have known that he was placing his property beyond the reach of

his creditors. Yea, more, the court below was justified in finding that defendant, in receiving the conveyances attacked in this cause, aided thereby in the fraud, and therefore should not hold under the same.

*Appeal dismissed.*

*Decree below affirmed with additional costs.*