———o———

No. 4527.

Court of Appeal, Parish of Orleans.

RUDDOCK ORLEANS CYPRESS CO. VS. CHARLES DE LUPPE ET ALS.

1. When the donor divests himself during his life time of all his property, reserving none at all for his subsistence, the donation is not reducible, but is null for the whole.

2. The judgment creditor of the forced heir to whose prejudice a donation omnium bonorum is made, can legally sue for the recovery of his debtor's property in the hands of another in order to make it liable for his debt, and for the purposes of his suit he can legally assert all rights of his debtor in and to the property.

Appeal from Civil District Court, Division "D."

Hall & Monroe, for Plaintiff and Appellant.

Emile Pomes, J. M. Sheridan, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff, a judgment creditor of one Charles De Luppe, sued to have set aside and annulled an alleged sale of a certain piece of property, described as follows: A certain lot of ground together with all the buildings and improvements therein situated in the second district of this city, in square 316, bounded by Hospital, Barracks, Tonti and Rocheblave Streets, said lot being designated by the No. 3 and measuring 36 feet 6 inches front on Hospital Street, the same width in the rear, by a depth of 80 feet 3 inches and 2 lines on the side towards Rocheblave Street, and 85 feet 4 inches and 7 lines on the said line dividing it from lot No. 4, as per plan deposited in the office of James Graham, late notary in this city, as plan No. 158," by the mother of DeLuppe, made to her granddaughter (defendant), daughter of Charles DeLuppe, avering that the said consideration stated in said sale of one thousand three hundred ($1,300.00) dollars in cash and the assumption

—80—

of the mortgage note of one hundred and fifty ($150.00) dollars), was not the true consideration, and that no cash whatsoever was paid, but that said property was transferred, as aforesaid, for the sole purpose of attempting to evade the creditors of DeLuppe, and in reality was transferred for account of DeLuppe, and belongs to him.

An exception of no cause of action was sustained by the District Judge, and this was subsequently affirmed by this Court, on the ground that parol evidence is inadmissible to bring into the estate of the debtor real estate that has never formed any part of it.

A writ of review was obtained, and the Supreme Court reversed this Court, holding that plaintiff need not allege in his petition the character of evidence which he will produce on the trial of the cause to prove the allegations.

But, said the Court, admitting for the purpose of argument, that parol testimony is inadmissible in such a case, and that plaintiff has no written evidence to prove his allegations, yet he has the privilege of probing the consciences of the defendants by propounding to them interrogatories on facts and articles. 119 La. 952.

Plaintiffs followed the course indicated by the Court.

The testimony shows, and this is not contested, that Widow DeLuppe desired to donate to her grand-daughter the property above described, and following legal advice, the donation was made in the form of a sale; that no consideration in cash or otherwise, notwithstanding the recital in the act, was ever seen by defendant. It is further shown by the record that Widow DeLuppe owned no other property but that described above, subject of this litigation.

With these facts before us the determination of the law applicable to this cause, is not difficult.

The donation was clearly one *omnium bonorum*, and as such a donation is reprobated by law, it is an absolute nullity.

Article 1497 C. C. recites:

"The donation, inter vivos, shall in no case divest the owner of all his property; he must reserve for himself enough for subsistence; if he does not do it, the donation is null *for the whole.*"

There is no merit in the contention that, conceding the donation to be *omnium bonorum*, it is reducible to the disposal

—81—

portion. Such donations are not reducible, but are void *ab initio*.

Construing Article 1497 of the Code, in Lagrange vs. Barre, et al., 11 Rob. 302, the Supreme Court said:

"The terms of this law appear to throw a certain incapacity upon every citizen to dispose and divest himself of all his property by donation *inter vivos*, and declare that such donation shall be null, (not reducible), if he has not reserved to himself enough of his property for subsistence. The nullity pronounced is based upon motives of public order, and that the act done in contravention of its prohibition is against good morals, can hardly be doubted, and will be easily understood."

In Ackerman vs. Larned, the question of donations *omnium bonorum* is fully discussed, and the Court citing approvingly, the case of Lagrange vs. Barre, said:

"A contract whereby one gives away his property without reserving enough for his own subsistence, subject to the condition or charge that the donee shall thereafter maintain him, is void *ab initio* as contravening a prohibitory law enacted in the interest of public order and good morals. It can acquire no validity, either by lapse of time or by ratification, and the action of the donor to annul it and to recover his property is not barred by the prescription either of five or ten years."—Hains vs. Wafer, 822, 3A. 328.

In Beaulieu vs. Moniu, 50 An. 732, the Court, dealing with the subject, said:

"The prohibition of our Code of donations *inter vivos* of all the property of the donor, leaving him destitute, is not removed by the promise or engagement of the donee to support the donor during life. The possessor under a title void on its face, because violative of a prohibitory law, cannot claim the protection accorded by law to purchasers and mortgagees who acquire on the faith of the title conveying ownership placed on record by the owner."

Under the fixed jurisdiction construing the Codal provisions relative to donations made of all the property which the donor possesses, reserving none for his subsistence, we are constrained to hold that the donation is null and void as to the whole, and not *reducible*.

Counsel for the defendant directs our attention to the cause of Bernard vs. Noel, 45 A. 1136, contending that under this

adjudication plaintiff is without right to make an attack on the donation.

An examination of the case supra, shows it to be without merit as strengthening defendant's position, but on the contrary, is in line with the accepted jurisprudence heretofore referred to.

"This was a donation by the wife to the husband. She left no descendents nor ascendants, and no question of an interference with the rights of forced heirs was involved in the case, the plaintiffs basing their rights to attack the donation upon the fact that they were collateral heirs of the donor." ·

The Court held: "The donor and the donee were husband and wife. The donation was not made to a stranger, but to one who, under the law was *bound to support her* (C. C. 119-120), and who, as no complaint was ever made to the contrary, we must presume, complied with his obligations. The use, fruits and revenues of the property donated enured to the benefit of the community in which the wife was a partner, and contributed to her sbsistence. (C. C. 2402)."

Discussing Article 1497 C. C., the Court in the case supra says:

"The nullity declared by Article 1497 of the Civil Code is absolute only relatively to the *particular persons* for whose *special interest* it was passed, and among these *cannot be classed her collateral heirs* invoking it, when she had not done so herself. The Court cites Scott vs. Briscoe, 37 A. 178, in which case it was held that: "None but *creditors* and *forced* heirs can attack the acts of an owner of property fraudulently alienating it."

It may not be seriously questioned that the creditor has the right to assert all the rights of his debtor to recover property or to assert a right thereon in behalf of his debtor.

In the case of Spencer vs. Goodman, 36 A. 906, it was held:

"A judgment creditor can legally sue for the recovery of his debtor's property in the hands of third persons, in order to make it liable for his debt, and for the purpose of his suit he can legally assert all the rights of his debtor in and to the property." Said the Court in discussing the case: "Such a right on the part of a creditor does exist. otherwise he would be at the mercy of a defaulting and obstinate debtor, who might, by a refusal or neglect to assert rights involving the ownership and

title to property and its possession, prevent the enforcement of first claims resting upon his property, which the law regards to be a pledge for the benefit of all creditors."

Neda vs. Fontenot et al., 2 A. 782.

Hardy vs. Pecot, 113 La. 359.

Forstall vs. Association, 47 A. 105.

The judgment of the District Court was erroneous.

It is hereby ordered, adjudged and decreed that the judgment appealed from be, and it is hereby reversed, annulled and set aside, and it is now ordered, adjudged and decreed that the following described property, to-wit: "A certain lot of ground together with all buildings and improvements thereon, situated in the Second District of the City, in Square 316, bounded by Hospital, Barracks, Tonti and Rocheblave Streets, said lot being designated by the No. 3 and measuring 35 feet 6 inches front on Hospital Street, the same width in the rear, by a depth of 60 feet 3 inches and 2 lines on the side towards Rocheblave Street, and 85 feet 4 inches and 7 lines on the said line dividing it from lot No. 4 as per plan deposited in the office of James Graham, late notary in this city, as plan No. 158," be and is hereby declared to belong in full ownership to Charles DeLuppe and to be subject to his debts and to execution against him, defendant to pay all costs

Reversed.

December 7, 1908.

Dufour, J., not having heard the argument takes no part.

Rehearing refused January 11, 1909.

Writ granted by Supreme Court March 25, 1909.