CLARENCE W. PEABODY et al. *vs.* HENRY J. CONLEY and Trustee.

Cumberland.   Opinion October 11, 1913.

*Accounts.    Allegations.    Assumpsit.    Declaration.    General Demurrer. Interest.    Items.    Professional Services.    Special Demurrer.*

In an action of assumpsit on an account annexed for legal services, the defendant filed a general demurrer.

*Held:*

1.  That as the account annexed contained three items, two of which are conceded to be properly stated, a general demurrer will not lie. The defendant should have demurred specially to the first item instead of generally to the whole account and declaration.

2.  That even on a special demurrer the first item must be held to have been sufficiently stated. The plaintiffs set forth with unusual minuteness the various services that entered into the preparation and trial of a case in the lower court and the argument before the Law Court, carrying out a lump sum for the whole. This was sufficient. It was not necessary to place a price upon each detail.

3.  That the slightest variance between the total amount claimed as set forth in the declaration and in the account is not the subject of demurrer. The amount stated in the account controls, and a misrecital of that amount in the declaration, whether through a mathematical or a typographical error does not vitiate the writ.

On exceptions by plaintiff.   Sustained.

This is an action of assumpsit upon an account annexed to the writ to recover the sum of one hundred and seventy-seven dollars and eighty-two cents, for legal professional services rendered to and on behalf of the defendant by the plaintiff.   The defendant filed a general demurrer, which the Judge presiding sustained, and the plaintiff excepted to said ruling sustaining the demurrer.

The case is stated in the opinion.

*Fred V. Matthews,* for plaintiff.

*Henry J. Conley,* pro se.

*Symonds, Snow, Cook & Hutchinson,* for trustee.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHIL-BROOK, JJ.

CORNISH, J.   This is an action of assumpsit brought to recover the sum of one hundred and seventy-seven dollars and eighty-two cents according to the account annexed to the writ.   The account contains three claims of charge; the first for various services connected with the preparation and trial of the case of *Conley, assignee,* v. *Murdock,* in the Superior Court of Cumberland County, and with the subsequent preparation of brief and the argument in the same case before the Law Court.   The details are given as to the nature of the services and the various dates on which they were rendered between April 1, and June 28, 1909, with a lump sum of one hundred and sixty dollars for the combined charges.   A credit of fifteen dollars is given this charge leaving the balance due one hundred and forty-five dollars.   The second item is for interest on the foregoing item from October 1, 1909, to date of writ at six per cent, amounting to twenty-six dollars and eighty-two cents; and the third is a charge for services at the December Term, 1909, of the Superior Court in examining rescript and obtaining assignment for trial, six dollars.

The defendant filed a general demurrer, which was sustained by the presiding Judge, and the case is before the Law Court on plaintiffs' exceptions to this ruling.

Under the well known rules of pleading the defendant cannot prevail because it is conceded that the second and third items in the

account are properly stated. The defendant therefore should have demurred specially to the first item and not generally to the whole account and declaration. The general demurrer cannot be sustained. *Blanding* v. *Mansfield,* 72 Maine, 429; *Wills* v. *Churchill,* 78 Maine, 285.

But it is unnecessary to meet technicality with technicality because item one was well and sufficiently stated, and should stand even against a special demurrer.

The first objection raised by the defendant is that this charge is not sufficiently itemized, and that each minute detail making up this item, should itself have been a separate item of charge. This contention is without foundation. The defendant relies upon *Bennett* v. *Davis,* 62 Maine, 544, but the account in that case was "To groceries as per bill of particulars rendered $58.52," and the court held this was clearly demurrable because a sufficient declaration must contain all the allegations necessary to make out the plaintiff's case without reference to a paper not attached. That case has no application to the one at bar.

Here the plaintiffs set forth with unusual minuteness the various services that entered into the preparation and trial of the case in the lower court and the argument before the Law Court with the dates on which they were respectively rendered. Had they omitted these details and simply made a change for professional services in the preparation and trial of the case in the Superior Court and in the preparation of the brief and the argument in the Law Court it would have been sufficient. The fact that they gave the defendant fuller details of the services rendered did not compel them to place a price upon each detail.

"The office of a declaration is to make known to the opposite party and the court the claim set up by the plaintiff," *Wills* v. *Churchill,* 78 Maine, 285. The account annexed, which is a part of the declaration, comes within the same general rule and its adequateness must be tried by the same test. Hence it is that in *Turgeon* v. *Cote,* 88 Maine, 108, an account annexed "for balance due on account, for labor performed and materials furnished as contractor for wood work for the erection and construction of the above building as per agreement, $725" was held bad on general

demurrer because it did not allege the price of the work contracted for, nor what any or all of the items were, that constituted the balance due on account. "The defendant is entitled to know what these particulars are, before he can be required to determine whether he will admit or contest the claim." A similar defect existed in *Bennett* v. *Davis,* supra.

In the case at bar, however, the defendant was fully apprised of the nature and amount of the claim against him and the required test was as fully met, as the nature of the employment would permit. There is a marked distinction between an account for merchandise, or one for ordinary labor and the professional services of an attorney in the preparation and trial of a case. The former have a well known and fixed market value, while the latter, from their very nature, cannot have. Many different elements affect their value, such as the skill and standing of the person employed, the nature of the controversy, the amount involved, the time and labor bestowed, and the ultimate success or failure of the litigation. A litigated case in fact is so nearly a unit that it should be considered in its entirety when determining the value of services rendered in its prosecution or defense. To require an attorney to set a separate price upon each hour of study or each day of labor, either in or out of court, would be to demand the impracticable, if not the impossible, and it is not the policy of the law to require either.

In recognition of this distinction of the reasonable rule that should prevail, the court in *Aub* v. *Hoffman,* 120 N. Y. App. Div. 50, 104 N. Y. Supp., 913, ordered the plaintiff attorney to file a bill of particulars covering the services rendered but not to place a valuation upon each detail.

It is therefore our opinion that item one in the plaintiff's account annexed was not demurrable.

But the defendant sets up as the second ground of his demurrer the fact that the account annexed shows the total amount due to be one hundred and seventy-seven dollars and eighty-two cents, while in the body of the writ the amount is alleged to be one hundred and seventy-eight dollars and eighty-two cents, a variance of one dollar. So trivial a matter scarcely deserves attention. It is sufficient to say that the amount stated in the account annexed

controls. That is the basis of the plaintiff's claim and a misrecital of that amount in the declaration, whether through a mathematical or a typographical error does not vitiate the writ.

*Exceptions sustained.*
*Declaration adjudged good.*