CORNELIA G. FESSENDEN *vs.* HENRY E. COOLIDGE, Admr.

Androscoggin. Opinion November 22, 1915.

*Affidavit.     Exceptions.     "For value received."     "Money loaned."*
*Promissory Note.     Revised Statutes, Chapter 89,*
*Section 14.*

The holder of a promissory note purporting to be for value received against the estate of the deceased maker, seasonably filed her claim, supported by affidavit, in the probate court, stating therein that her claim was for "money loaned by me to William C. Coombs (the maker) as evidenced by the note hereto annexed."

*In a suit on the note it is held,*

1. That the note was admissible in evidence without extraneous proof that the consideration was for money loaned.
2. That, upon the introduction of the note, no evidence having been offered by the defendant, a verdict was properly ordered for the plaintiff.

On exceptions by defendant. Exceptions overruled.

This is an action of assumpsit upon a promissory note given by William C. Coombs, the defendant's intestate, to the plaintiff. The plaintiff filed in probate court proof of his claim as provided by statute. Plea, general issue with specifications. The affidavit recited that the claim was for "money loaned" and was evidenced by the note. The plaintiff offered the note with proof of claim and affidavit, which was admitted, and the defendant objected to their introduction. Defendant offered no proof and the presiding Justice directed a verdict for plaintiff. To these rulings, defendant excepted.

The case is stated in the opinion.

*R. W. Crocket,* for plaintiff.

*Oakes, Pulsifer & Ludden,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J. Assumpsit on a promissory note signed by the defendant's intestate, William C. Coombs. The plaintiff seasonably filed her claim, supported by her affidavit, in probate court as pro-

vided by statute, R. S., ch. 89, sect. 14. Her claim was stated to be for "money loaned by me to William C. Coombs and evidenced by the note hereto annexed and marked Exhibit A." etc.

At the trial, the plaintiff was permitted to introduce the claim filed in the probate court, with the note attached. The defendant objected to the introduction of the note without extraneous proof that the consideration was "money loaned" as stated in the claim filed. The plaintiff rested, without offering proof of that fact. The note purported to be given "for value received."

The defendant offered no evidence, but requested the Justice presiding to instruct the jury "that on the proof filed in probate court and offered, the plaintiff cannot recover without proof that the consideration was for money loaned and not for any other consideration, and that the production of the note alone is not sufficient proof of the fact." This requested instruction was refused and a verdict was directed for the plaintiff. To the rulings exceptions were taken.

The words "for value received" in a promissory note import a valuable consideration. *Browne* v. *Ward,* 51 Maine, 191. But they do not import a valuable consideration of any particular kind. They are evidence prima facie of a valuable consideration of some kind. The single question then is whether, having stated in her claim filed in probate court that the claim was for "money loaned as evidenced by a note," etc., the burden was on the plaintiff to show in the first instance, or even at all, that the consideration for the note was money loaned, or whether the introduction of the note, it being stated therein that it was given "for value received," made out a prima facie case for the plaintiff. In other words, having stated the claim to be for "money loaned," must the plaintiff prove that particular consideration, or will evidence of any valuable consideration sustain the actions.

The statute merely requires the claimant to present in writing, or file his "claim." It does not require him to state the particulars of the claim, further than he would in a declaration in a writ. *Hurley* v. *Farnsworth,* 107 Maine, 306. He need not state the consideration. The statute does not contemplate that the claimant must in the claim filed advise the administrator as to these things. If it be an account, the claimant may file it. If it be a note, he may file it, or a copy of

it, or without doing either, he may definitely describe it. If this plaintiff had filed this note, or had filed an accurate description of its date, tenor, amount, and so forth, it would have been a compliance with the statute. The claim filed was for "money loaned as evidenced by a note." An exactly equivalent statement would have been "a note for money loaned." But in either case the note was the claim. It was the form into which the decedent had put his indebtedness. It was the claim to be sued; it was the claim to be paid. If the plaintiff in her claim as filed had omitted the unnecessary reference to the consideration, at the trial her case would have been made out prima facie by offering the note which puported to be "for value received." Having stated in the claim filed more than the statute required, is the burden on the plaintiff to prove the unnecessary matter? We think not.

This is not a question of pleading, in which the rule probata secundum allegata holds. The plaintiff held a note against the estate. As a condition precedent to the right to bring suit on that note the statute required her to present or file her claim on the note. She did so. Had she misdescribed the note, it might have been fatal. But an unnecessary, or even erroneous, statement of the circumstances out of which the claim arose should not be regarded as fatal. It certainly should not be so held unless it be shown that the administrator was misled thereby to his injury, and that an equitable estoppel was created. The decedent gave a note. Over his signature he said it was for "value received." The administrator had the statutory notice of the note, which is the claim. We see no good reason why the proof of these elements did not make out a prima facie right to recovery. If there were any defences, it was open to the administrator to make them.

*Exceptions overruled.*