ANNIE B. GRANT, PLAINTIFF

*vs.*

CHARLES CHOATE AND M. H. SIMMONS,

EXECUTORS OF THE WILL OF HANNAH J. WHITE.

Kennebec.     Opinion, January 15, 1935.

*Campbell & Reid*, for plaintiff.

*Melvin H. Simmons*, pro se and *Goodspeed & Fitzpatrick*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J. The executors of the will of Hannah J. White are the defendants in an action of assumpsit in which the plaintiff has declared in four counts. The first sets forth an employment of the plaintiff by Mrs. White as housekeeper and nurse, a subsequent promise that, if the plaintiff would stay with her and care for her during her life, the testatrix would arrange for the plaintiff to receive on the death of the testatrix a sum of money then on deposit in the State Trust Company. The plaintiff claims a full performance by her of this contract, and sets up as a breach that Mrs. White did not make the necessary arrangements so that the deposit in question was available as agreed. The second count is substantially the same except that the promise of the testatrix is alleged to have been to pay a sum of money equal to such deposit. The third count sets forth a promise by the testatrix to pay the plaintiff for such work and labor and a breach thereof. The fourth count is an enumeration of the common counts, including one claiming compensation for work and labor performed by the plaintiff at the request of the testatrix.

At the trial the notice of claim filed by the plaintiff with the executors to comply with the provisions of Rev. Stat. 1930, Ch. 101, Sec. 14, was offered in evidence. A motion for a nonsuit was thereupon made and granted on the ground that the notice of claim was insufficient to support any of the counts of the plaintiff's declaration. To the granting of the nonsuit the plaintiff duly excepted.

The notice of claims reads in part as follows:

"I, Annie B. Grant, by my attorneys, George W. Heselton and James L. Reid, hereby make the following claim upon Melvin H. Simmons and Charles Choate in their capacity as Executors named in the last Will and Testament of the late Hannah J. White.

First: I claim the sum of $4,624.97 which now lies in deposit with the State Trust Company of Augusta and in connection with this claim declare—

1. That Hannah J. White in her lifetime, in consideration for services by me performed at her request gave to me a joint

interest in the said deposit with right of survivorship and that my name appears on the bankbook as proof thereof.

2. That Hannah J. White made herself trustee of the said deposit for my benefit in consideration, as aforesaid, for services by me performed at her request, and that now, after her decease, I am entitled to the same.

3. That the said State Trust Company contracted to pay over to me the said fund, or deposit, upon the decease of the said Hannah J. White and that the said Trust Company would be willing so to do were it not for the wrongful withholding of the said bankbook by the said Executors.

4. That Hannah J. White, in consideration, as aforesaid, for certain services by me performed at her request, promised and agreed to pay me this said fund, or deposit, and that I am therefor entitled to the same.

Second: I hereby claim right, title and possession in the said bankbook upon which my name appears, as legally being my own personal property and therefore wrongfully withheld by the said Executors.

Third: I hereby claim the sum of $5,000 as the just and reasonable compensation for the services, aforesaid, by me performed at the request of Hannah J. White and for which she promised to pay me, the said services having been by me performed from July of 1927 to September 18, 1932."

The defendants contend that those items which assert a title to a particular bank deposit do not support the counts in the declaration, which claim a breach by the testatrix of a contractual obligation, and that the third item is insufficient in that it does not set forth a detailed statement of the nature of the services alleged to have been rendered, or the time when they were performed, or the rate of charges for the same.

In our opinion this item is sufficient. The purpose of the notice is to give to the executor or administrator, without the formality required in a pleading, such information of the nature and extent of a claim against an estate that he may investigate and determine whether the claimant should properly be paid or the demand re-

jected. *Marshall* v. *Perkins,* 72 Me., 343. The purpose of a declaration in a writ likewise is to give to the opposite party and to the court similar notice of the plaintiff's claim, *Wills* v. *Churchill,* 78 Me., 285, 4 A., 693; and it has, accordingly, been held that the notice filed with an executor must contain as much information as is required in a declaration. *Hurley* v. *Farnsworth,* 107 Me., 306, 78 A., 291. The same formality, however, is not necessary, provided the executor is apprised of the true substance of the demand. *Palmer's Appeal,* 110 Me., 441, 86 A., 919. It has been said that the notice may be sufficient even though the circumstances out of which the obligation arose may have been incorrectly stated. *Fessenden* v. *Coolidge,* 114 Me., 147, 95 A., 777. It is important to bear in mind that in all proceedings before probate courts some latitude is given, for as was said in *Danby* v. *Dawes,* 81 Me., 30, 32, 16 A., 255, 256. "Its practitioners are largely persons who do their own business before the court, or unprofessional persons, whom their neighbors have employed to act for them."

It is recognized that a claim for services rendered cannot be set forth with the same detail as is required in a count for goods sold and delivered, *Peabody* v. *Conley,* 111 Me., 174, 88 A., 411; and it has been held that an item in an account annexed stated to be for labor with the date and the amount set forth is sufficient against a demurrer. *Wills* v. *Churchill,* supra.

The motion filed with these executors gives the dates when the services of the plaintiff began and ended, and the amount claimed to be due therefor. It would have been difficult to set forth in detail all of the various work which was performed with the dates and the time consumed. Such prolixity is not required. The defendants were apprised of the nature and extent of the plaintiff's demand. More than that is not necessary.

*Exception sustained.*