ISABEL A. CASSIDY, ET AL.

*vs.*

EDWARD P. MURRAY

AND

LUCILLE O'BRIEN, TRUSTEES, ET AL.

Penobscot.    Opinion, June 16, 1950.

*John H. Needham,*
*Frank G. Fellows,* for plaintiff.

*Michael Pilot,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, NULTY, WILLIAMSON, JJ.   (FELLOWS, MERRILL, JJ., did not sit.)

NULTY, J.   This case comes before this court on appeal by the defendant trustees from a decree of the sitting justice awarding counsel fees for services rendered by all attorneys in accordance with a direction from this court in the case of *Cassidy et al.* v. *Murray et al.*, 144 Me. 326, 68 A. (2nd) 390, seeking a certain construction of the will of

John Cassidy who died testate March 26, 1918. Said direction reads in part as follows: "Sitting Justice directed to fix reasonable counsel fees for all parties to which shall be added amounts for necessary disbursements, all of which sums, including costs, shall be paid by the Trustees and allowed by said decree in their account."

It is the contention of the defendant trustees that the allowance of the fees was unreasonable and constitutes an abuse of discretion. The fees and disbursements allowed by said decree from which said appeal is now taken were as follows:

John H. Needham, Attorney for the Plaintiff     $10,516.22

Frank G. Fellows, Guardian Ad Litem   10,060.50
Michael Pilot, Attorney for the Trustees   10,000.00

It should be noted that the fees of the various attorneys were fixed at the sum of $10,000 each.

Appeals in equity to the Law Court from decrees and orders of a sitting justice under the familiar law of our state are heard anew on the record. *Redman* v. *Hurley*, 89 Me. 428, 36 A. 906; *Trask* v. *Chase*, 107 Me. 137, 150, 77 A. 698, 704; *Sears, Roebuck & Co.* v. *City of Portland*, 144 Me. 250, 68 A. (2nd) 12, 16.

Revised Statutes (1944), Chap. 95, Sec. 21, in part directs with respect to equity appeals and the duty of the Law Court therein: "and shall on such appeal, affirm, reverse, or modify the decree of the court below, or remand the cause for further proceedings, as it deems proper." Our court has held that findings of fact by the justice below will be conclusive unless clearly wrong and the burden is on the appellant to prove it. *Young* v. *Witham*, 75 Me. 536; *Paul* v. *Frye*, 80 Me. 26, 12 A. 544. Our court also said in *Leighton* v. *Leighton*, 91 Me. 593, 603, 40 A. 671, 675, speaking of findings of fact:

"Such is the general rule, but it does not neces-
sarily require proof beyond a reasonable doubt.
And sometimes circumstances and conditions are
to be considered which prevent the rule applying
so literally as it otherwise would."

In *Sears, Roebuck & Co.* v. *City of Portland, supra,* we said
(speaking of findings of fact) :

"This rule does not mean that the findings of fact
of the Justice below will not be reversed on appeal
unless such findings constitute error in law. They
may be disregarded on an appeal when clearly
wrong."

In the instant case we have before us the decree of the sit-
ting justice in the court below, made, we assume, in con-
formity with the direction of this court referred to herein
and we assume that it reflects his judgment with respect
to the fixing of reasonable counsel fees for all parties, hav-
ing in mind the meaning of the direction. The Massa-
chusetts Court in *Cummings* v. *The National Shawmut
Bank,* 284 Mass. 563, 569, 188 N. E. 489, 143 A. L. R. 725,
in a case involving reasonable attorneys' fees, said:

"In determining what is a fair and reasonable
charge to be made by an attorney for his services
many considerations are pertinent, including the
ability and reputation of the attorney, the demand
for his services by others, the amount and impor-
tance of the matter involved, the time spent, the
prices usually charged for similar services by
other attorneys in the same neighborhood, the
amount of money or the value of the property
affected by controversy, and the results secured.
Neither the time spent nor any other single factor
is necessarily decisive of what is to be considered
as a fair and reasonable charge for such services."

Our court in *Peabody et al.* v. *Conley et al.,* 111 Me. 174, 177,
88 A. 411, in a suit involving the value of professional legal
services (although the case was decided on a pleading ques-
tion) said:

> "Many different elements affect their value, such as skill and standing of the person employed, the nature of the controversy, the amount involved, the time and labor bestowed, and the ultimate success or failure of the litigation. A litigated case in fact is so nearly a unit that it should be considered in its entirety when determining the value of services rendered in its prosecution or defense."

Our court also said in *Moore* v. *Alden,* 80 Me. 301, 307, 14 A. 199, a case which involved the construction of a will, as did the original *Cassidy* case referred to herein, in speaking of requested allowances for the expense of professional services and disbursements:

> "Parties to the bill ask for allowances for the expense of professional services and disbursements. Such expense may be thrown upon the estate, unless the petitioner discloses a frivolous or unnecessary case. *Howland* v. *Green,* 108 Mass. 283; *Straw* v. *Societies,* 67 Maine, 493. But such charges should usually be moderate, for several reasons. Because there should not be strong temptation to multiply applications to the court for the exposition of wills; because representatives of estates have not the same stimulus for their protection as living owners have; and because, as a rule, such cases involve a peculiar kind of litigation which casts less responsibility than usual upon counsel, and more upon the court."

With the principles set forth in the last three cited cases in mind and having examined and considered not only the record in the instant case, which sets forth at considerable length the qualifications of the attorneys and also describes their services performed in this matter, and having had the benefit of the entire record in the original *Cassidy* case decided September 15, 1949, and referred to herein and also having in mind, as said in *Moore* v. *Alden, supra,* that such charges should usually be moderate, it is our opinion that the decree of the sitting justice should be modified in conformity with what we consider should be the settled law with respect to the meaning of the direction relating to the

allowance of reasonable counsel fees in matters of this kind. The appeal of the trustees is sustained. The case is remanded to the court below with instructions to the sitting justice to fix the counsel fees of the attorneys involved in this case in the following amounts:

| | |
|---|---|
| John H. Needham, Attorney for the Plaintiff | $5,000.00 |
| Frank G. Fellows, Guardian Ad Litem | 7,500.00 |
| Michael Pilot, Attorney for the Trustees | 1,500.00 |

to which in each case may be added the actual disbursements.

The mandate will read

*Appeal sustained. Case remanded to Sitting Justice with directions to fix the reasonable counsel fees and disbursements in accordance with this opinion.*

*So ordered.*