HAROLD D. LITTLEFIELD *vs.* H. M. COOK, et al., Admrs.

Penobscot.    Opinion January 12, 1915.

*Administration. Claim. Evidence. Exceptions. Filing of Claims. Limitation.*
*Payment. Receipts. Revised Statutes, Chap. 89, Sec. 14. Waiver.*

1.  An administrator or executor may waive the presentment or filing of claims
    against the estate under oath, while the claim is not yet barred by limitation.

2.  Whether an administrator or executor can waive the statute bar upon claims,
    already barred by limitation, *quaere.*

3.  An agreement in writing signed by the administrators and the heirs, who are
    also the claimants, "that the claims have been duly presented to said adminis-
    trators and payment demanded," is a waiver by the administrators of the
    presentment or filing of the claims, even though in fact the statement was not
    true.

4.  An item in an account annexed, "to paid town of Newport, taxes, 1902 to
    1910, inclusive, $232.80," may be supported by evidence of payments of
    smaller sums at different times, to different collectors, all tending to make up
    the sum sued for.

5.  Receipts given by a person not a party to the suit are merely unsworn declar-
    ations and hearsay, and are not admissible against either party. But when the
    person who gave the receipts was a witness and testified that he gave the
    receipts for the money paid, the amount stated in the receipts is prima facie
    evidence of the amount paid.

6.  The conduct of a party, the statements made by him, and the letters written
    by him, tending to show improper motives, or improper practices, with reference
    to a suit, are always admissible against him at the trial of the suit. It is
    reversible error to exclude the evidence of them.

On motion and exceptions by the defendants. Motion not con-
sidered. Exceptions sustained.

This is an action of assumpsit upon an account annexed, brought
by Harold D. Littlefield against H. M. Cook and F. Wade Halliday,
administrators of the Estate of Margaret A. Littlefield, late of
Newport, deceased, to recover for services rendered to, and disburse-
ments made for, the defendant's intestate. Plea, the general issue,
with brief statement, in which it is claimed that plaintiff never
presented the claim to the administrators, as required by law. In

the course of the trial, the defendant had several exceptions to the rulings of the presiding Justice. The jury returned a verdict for the plaintiff for $1119.19, and the defendants filed a motion for a new trial.

The case is stated in the opinion.

*W. H. Mitchell, and B. W. Blanchard,* for plaintiff.

*Edgar M. Simpson, and F. Wade Halliday,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

SAVAGE, C. J. This is a suit to recover for services rendered to, and disbursements made for, the defendant's intestate. The plaintiff recovered a verdict, and the case comes before this Court on the defendant's motion for a new trial, and exceptions.

1. One of the exceptions was to the refusal of the presiding Justice to direct a verdict for the defendants, particularly on the ground that the claim had not been presented to the administrators in writing, or filed in the Probate Court, supported by an affidavit of the claimant, or of some other person cognizant thereof before or within eighteen months after the filing by the administrators in Probate Court of an affidavit that notice had been given of their appointment, as required by Revised Statutes, Chap. 89, Sec. 14.

It appears that in fact the claim was neither presented nor filed, as required by the statute. But it also appears that two days before the eighteen months would have expired, the plaintiff and his brother, the only heirs, and the administrators agreed in writing that in case there was not sufficient property in the estate to pay all claims in full, that the heirs would accept in full a percentage of their claims, after all other claims and expenses of administration were fully paid. And the agreement contained the following language:—"It is hereby agreed by all the parties hereto that the claim of U. S. Littlefield for $1631.46 and the claims of H. D. Littlefield for $2009.61 and $102.35 respectively have been duly presented to said administrators and payment demanded."

The plaintiff contends that this agreement was a waiver of the statutory requirement of presentment. The defendants reply that executors have no power to waive the requirement. We think the plaintiff's contention must be sustained, and that administrators, before a claim is barred by the statutory limitation, may waive

presentment in writing under oath. It was so stated, though in a dictum, in *Mitchell* v. *Dockray*, 63 Maine, 82. It was expressly so held in *Rawson* v. *Knight*, 71 Maine, 99, and *Marshall* v. *Perkins*, 72 Maine, 343. In *Rawson* v. *Knight*, the Court said,—"The statute, though of a public nature, has for its object the protection of the rights of estates and individuals. Its provisions therefore may be waived by those for whose benefit it was passed, and who represent the interests involved." In *Marshall* v. *Perkins*, the Court used this language:—This statute "was enacted for the benefit of estates, and of those who take upon themselves the important trust of administering on them; and any party may waive the provisions of a statute made for his benefit."

The statute as it stood at the time these cases were decided provided that "no action against an executor or administrator . . . on a claim against an estate shall be maintained . . . unless such claim is first presented in writing and payment demanded at least thirty days before the action is commenced, and within two years after notice is given by him of his appointment." R. S., 1871, Chap. 87, Sec. 11, as amended by Laws of 1872, Chap. 85. By the amendment of 1872, Sec. 11 of Chap. 87, R. S., became Sec. 12. Sec. 12 was amended by Laws of 1883, Chap. 243, by which the absolute limitation was removed, and provision made that if action should be commenced without the claim "being first presented in writing and payment demanded, or the claim being filed in the probate office, supported by the affidavit of the claimant or of some other person cognizant thereof, at least thirty days before commencement of suit and within two years after notice is given by him of his appointment, . . . such action shall be continued." This statute remained without material modification until Laws of 1899, Chap. 120, which amended Sec. 12 so as to eliminate the requirements for presenting or filing claims. But Sec. 12 was again amended by Laws of 1903, Chap. 198, (now R. S., 1903, Chap. 89, Sec. 14), which is now in force. This statute provides that "all claims against deceased persons . . . . shall be presented to the executor or administrator in writing, or filed in the probate court, supported by an affidavit of the claimant . . . within eighteen months after affidavit has been filed in the probate court that notice has been given by said executor or administrator of his appointment. . . . Any claim not so presented or filed shall be forever barred."

It would seem that when a claim has become barred by the limitation provided in this section, the executor cannot waive the statute. *Wadleigh* v. *Jordan,* 74 Maine, 483. But so far as the precise question now being considered is concerned, the present statute is on all fours with the statute in force when *Rawson* v. *Knight* and *Marshall* v. *Perkins* were decided. And upon the authority of those cases we hold that an administrator or executor may waive the presentment or filing of claims, under oath, while the claim is not yet barred. And we think the administrators did so in this case.

2. To support an item in the writ, "To paid Town of Newport, taxes, 1902 to 1910, inclusive, $232.80," the plaintiff offered evidence of payments of smaller sums at different times to different collectors, all tending to make up the amount sued for. The defendants objected, on the ground that "the plaintiff was limited by the form of his statement of the item to proof of one single and entire charge for taxes so paid on a single occasion." The evidence was admitted, and we think properly. The item itself indicated that the total sum was made up of smaller payments. If the defendants desired further light, they should have prayed for specifications. It was entirely proper to permit proof of the aggregate by evidence of the smaller payments which went to make up the aggregate.

3. To prove the payment of certain water rates the plaintiff called the collector who testified that the plaintiff paid him some water rates for the premises where he and the intestate lived, and that he gave the plaintiff receipts for the rates he paid. The witness identified the receipts. They were then offered and admitted in evidence, against the defendant's objection and exception. No evidence other than that contained in the receipts was offered as to the amount of the payments. The objection made was that the receipts were merely hearsay evidence. While receipts given by parties to a suit are admissions and are admissible in evidence as such, it is doubtless true that receipts given by third parties are merely unsworn declarations and hearsay, and hence not admissible. *Silverstein* v. *O'Brien,* 165 Mass., 512. See *Kaliamotes* v. *Wardwell,* 11 Maine, 401. But in this case, the person who gave the receipts was a witness, and testified that he gave the receipts for the money paid. Under these circumstances, we think the amount stated in the receipts is prima facie evidence of the amount paid.

4. The defendants offered in evidence a letter written just prior to the trial of this case by the plaintiff to his uncle, who was one of the defendants' witnesses. The letter contained the following language: "We just rec'd Aunt Josie's letter and are both disgusted with same, not because you can do us any hurt for you don't know anything that would hurt us, but it shows that you are not our friends and if you do come it will be the last time we want you to ever look at us say nothing of speaking. Sid and I are enemies forever and if you want to be the same come on as we know you are doing it on your own free will." The letter was excluded, and the defendants excepted.

We think the letter was clearly admissible. It was a part of the conduct of the plaintiff relative to this suit. It was evidently an attempt on his part to dissuade one of the defendants' witnesses living in another State from attending the trial. It showed a willingness to use unfair means. A jury might regard it as evidence of a consciousness on his part that his case was weak. The conduct of parties, tending to show improper motives, or improper practices, with respect to a suit, is always admissible against them. And this letter throws so much light upon the plaintiff that we cannot say that its exclusion was not prejudicial to the defendants. This exception must be sustained.

The motion for a new trial is not considered.

*Exceptions sustained.*