**JOHNSON et al. v. WHITEHAND.**
**(No. 7375.)**

Court of Civil Appeals of Texas. Austin.
Oct. 2, 1929.

Rehearing Denied Nov. 6, 1929.

King & York, of Austin, for appellants.
Webb & Felts and Wright Stubbs, all of Austin, for appellee.

McCLENDON, J. Suit by the children (sole heirs at law) of W. S. Johnson, deceased, against Miss Whitehand to set aside a deed Johnson had made to her January 4, 1928, just two days before he died. Two grounds for setting aside the deed were submitted to the jury—mental incapacity and undue influence. We have very carefully considered the record, and conclude that but one proposition urged by appellants merits serious consideration; namely, the exclusion of evidence of intimidation of Mrs. Mary Fulton, a witness for appellants.

The evidence bearing upon the issue of undue influence was in many respects sharply conflicting. Miss Whitehand had lived at the house of Johnson for some 38 years, and had spent a great deal of her time in caring for him and his children, and nursing him while sick, especially during the last eight years of his life. The relations between Miss Whitehand and appellants constituted a sharply contested fact issue in the case. Mrs. Fulton was a cousin of Miss Whitehand, and had occasion a number of times to visit the Johnson home. She was called by appellants to testify to her observations of the family relations on the occasions of those visits. The excluded testimony in question and its setting in the trial is shown from the following quotation from the bill of exceptions to the court's ruling:

"Mrs. Mary Fulton, on direct examination by Judge King:

"Q. I will ask you if you saw Miss Whitehand yesterday? A. Yes, sir; I saw her here.

"Q. I will ask you whether or not you had any conversation with her here? A. Yes, sir; at the door when I was leaving.

"Q. What was that conversation?

"Mr. Felts: We object to it.

"The Court: I don't think we can go into it.

"Judge King: I propose to show by this witness that she threatened this woman about testifying here. A. Yes, sir, that is true.

"Mr. Felts: We object to it.

"The Court: That may be true, but the objection is sustained. We can't go into controversies between them.

"Judge King: Does the court hold that we can't show that the defendant tried to get this witness not to testify?

"Mr. Felts: We object to it.

"The Court: If she made any declaration against interest, that may be a different thing, but—

"Judge King: Any intimidation of this witness or anything like that?

"The Court: Well, if she is intimidating a witness that was under the rule the court is the one to look after it.

"Judge King: Well, I think it is very material to this case to show that she threatened this witness yesterday not to testify in this case.

"Mr. Felts: We think if counsel wants to testify he ought to be sworn.

"Judge King: I want to state my bill.

"Mr. Felts: The jury should be retired.

"Judge King: I know the rules of evidence, and want to state my bill to the stenographer.

"Judge King then came over to the court reporter's desk and dictated as follows:

"Judge King: This witness will testify that on Monday evening after this trial was started that she had a conversation with the defendant, Effie Whitehand—

"Mr. Felts: We object to the counsel dictating it—

"The Court: Well, let the jury retire.

"Judge King: Let the jury retire.

"The Court: Very well. You gentlemen step out.

"Thereupon the jury retired. The reporter then read the preceding dictation, and Judge King resumed:

"Judge King: —at the courthouse, and that the defendant, Effie Whitehand, threatened the witness if she testified for the plaintiffs in this case saying to her that 'You had better keep out of this, that the worst is yet to come,' and that she begged and pleaded with her not to testify as a witness in the case, and that the witness would say that she is afraid of said Effie Whitehand on account of said threats; that the Court held that anything that was said or done by said defendant as to threats and intimidation of witnesses was not admissible. (To all of which plaintiffs except.)

"Because the action of a party to a suit in regard to the *intimidation* of *witnesses*, threats and abuses is always material and shows the state of feelings of the defendant and her effort to prevent plaintiffs from having a fair trial and a free and untrammelled evidence of their witnesses."

It is clear to our mind that the exclusion of this evidence was error. It is quite generally held that evidence of statements or conduct of a party to a suit tending to show intimidation, threats, or influence brought to bear upon a witness in the case is admissible as in the nature of an admission against interest, and its exclusion is error. See 22 C. J. p. 176, § 115; Wigmore on Evidence, p. 565, § 277; Littlefield v. Cook, 112 Me. 551, 92 A. 787.

Appellee urges that the exclusion of this evidence, even though erroneous, was harmless, for two reasons: (1) Because the effect of the evidence was already before the jury; and (2) because it did not probably influence the verdict.

In the following holdings Associate Justice BAUGH does not concur:

■ It is true, as shown by the bill of exceptions, that Mrs. Fulton answered in the jury's presence that Miss Whitehand had threatened her about testifying. The question and answer, however, were objected to, and the court sustained the objection on the express ground, as stated in the presence of the jury, that "we cannot go into controversies between them," and that, if the witness was being intimidated, the court would look after that, since the witness was under the rule. In other words, the jury were advised by the court's ruling that this testimony was not a matter for their consideration. Under these circumstances, we do not consider the excluded statement of the witness uttered in the presence of the jury as in any sense tantamount to relating the details of the claimed intimidation or persuasion so that the jury might pass upon the matter in determining its effect upon the entire evidence before it.

■ Nor do we think that the ruling falls within the harmless error doctrine under rule 62a. We cannot say as in Truck Line v. Lavalle (Tex. Civ. App.) 7 S.W.(2d) 661, that the evidence upon the issue of undue influence was so overwhelming or even preponderating in favor of appellee as to warrant a finding of no reasonable probability of influence upon the jury's verdict. The evidence excluded had relation to appellee's bona fides in the transaction, and indirectly at least bore upon the weight of her own testimony as a material witness in the case. For these reasons, we consider it our duty to remand the case for another trial; under which circumstances we do not regard it as proper to discuss in detail the evidence of the several witnesses and its relative bearing upon the issue at bar.

The trial court's judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.

BAUGH, J. I concur with the majority opinion that an effort on the part of a party to a suit to suppress testimony may be shown as a circumstance against such party. Wigmore on Evidence, vol. 1, p. 565; 22 C. J. 176. But I cannot agree with my associates in the conclusion that the error, if any, was harmful in this case. The record discloses considerable bitterness and hostility existing between Miss Whitehand and the daughters of W. S. Johnson—one of them in particular. It also discloses that the witness who claims to have been threatened was a cousin of Miss Whitehand; that she had sought to intercede as an arbitrator and induce Miss Whitehand to accept "a child's part" and not contest this suit, thus intervening to that extent in behalf of the appellants.

I think it is also clear from the record that the *fact* of a threat by Miss Whitehand against the witness was before the jury, and that the statement of the court "that we cannot go into controversies between them" referred only to the details or the *character* of the threat, and did not withdraw from the jury the *fact* that such threat had been made. Not only was Mrs. Fulton's testimony not material, but after the jury had been informed that Whitehand was charged with threatening her or seeking to dissuade her from testifying, she did, on the following day, testify fully in the case, and in response to inquiries from appellants' attorney stated: "As to whether I am afraid to testify in this case, I have been scared, but I went down

and got something to settle my nerves and I am not afraid a bit in the world. I am not scared of her now."

This statement, which was not objected to, taken in connection with what had already transpired in the presence of the jury, brought clearly before them, I think, the *fact* of Miss Whitehand's attempt to suppress the immaterial testimony of the witness. In view of the enmity and hostility existing between Miss Whitehand and the appellants, a resentment against the attempted interference by her own kinswoman in behalf of her adversaries, in whose behalf she was offered as a witness, was but natural. With all these matters before the jury, the full testimony of the witness, her own statement that the threat made, of which the jury was bound to have known, did not affect her testimony, I am of the opinion that whatever error, if any, there was in refusing to permit appellants to go into the details of the difficulty between appellee and the witness was harmless, and that the verdict of the jury should be allowed to stand. I respectfully differ with my associates, and think that the trial court's judgment should be affirmed.