184

HOULTON TRUST COMPANY

*vs.*

HAZEL H. LUMBERT, EXECUTRIX.

Aroostook.     Opinion, May 3, 1939.

*Bernard Archibald*, for plaintiff.
*Raymond S. Oakes*, for defendant.

Sitting: Dunn, C. J., Sturgis, Barnes, Thaxter, Hudson, Manser, JJ.

Manser, J. Ansel L. Lumbert, at the time of his death on March 14, 1929, was indebted to the plaintiff bank as the maker of three promissory notes, aggregating the principal sum of $25,000.00. His widow, Hazel H. Lumbert, was appointed executrix of his will by the Probate Court on April 16, 1929. Suit was brought by the plaintiff against the defendant as executrix on April 10, 1930, and within the statutory period of limitations. R. S., Chap. 101, Sec. 15.

In the writ, the plaintiff alleged compliance with the requirements of Sec. 14 of the same Chapter, which provides that,

"All claims against estates of deceased persons, . . . shall be presented to the executor or administrator in writing, or filed in the registry of probate, supported by an affidavit of the claimant, or of some other person cognizant thereof, either before or within twelve months after his qualification as such executor or administrator."

Before trial, however, the declaration was amended by the allegation that the defendant, as executrix:

"While the aforesaid claim set forth herein was not barred by any statutory provision as to limitation of time as to proof of claim, did duly waive the presentment and filing of the claim and cause herein declared upon."

No proof was offered in support of the original averment of compliance with the statute.

Hearing was had before the presiding Justice without a jury at the April Term, 1938. The sole issue raised was upon the alleged waiver of presentment. The case comes up on exceptions by the defendant to the admission of certain evidence bearing upon this issue and to the finding and ruling that a waiver had been proved and the plaintiff was entitled to judgment in the sum of $37,280.85 as of April 22, 1938.

The statutory requirement as to presentment may be waived.

"The statute, though of a public nature, has for its object the protection of the rights of estates and individuals. Its provisions may therefore be waived by those for whose benefit it was passed, and who represent the interests involved." *Rawson, Admr.* v. *Knight, Admx.*, 71 Me., 99 at 105.

It is not claimed by the plaintiff that the defendant, as executrix, made any express waiver, either oral or in writing, but reliance is placed upon the conduct of the defendant as constituting a waiver. In our own decisions may be found the principles governing such waiver, and, as applicable to the facts shown by the record of this case, may be cited *Swedish-American Bank* v. *Koebernick*, 136 Wis., 473, 117 N. W., 1020:

"A waiver is the intentional relinquishment of a known right: *Monroe W. W. Co.* v. *Monroe*, 110 Wis., 11, 85 N. W., 685. A waiver may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon. And a person who does some positive act which, according to its natural import, is so inconsistent with the enforcement of the right in his favor as to induce a reasonable belief that such right has been dispensed with, will be deemed to have waived it."

Again, in *Nickerson* v. *Nickerson*, 80 Me., 100 at 105, 12 A., 880 at page 882, the Court said:

"Waiver may be a question of fact for the jury. It is always so whenever it is to be inferred from evidence adduced, or is to be established from the weight of evidence."

In the present case, the presiding Justice was clothed with jury

powers. The essential elements of the proof required are well set forth in *Hurley* v. *Farnsworth*, 107 Me., 306, 78 A., 291.

As three of the exceptions taken by the defendant were, in effect, that the finding by the court of a waiver on the part of the defendant was not supported by evidence, the record has been reviewed with care. It appears that, at the date of the decease of Mr. Lumbert, the principal sum then due upon one of the notes in suit was $15,000.00 and the rate of interest six per cent. On April 18, 1929, the executrix paid to the plaintiff bank the sum of $450.00 for six months interest upon this note, to April 15 of that year. A like amount for interest was paid by her on October 17, 1929, and again on April 1, 1930. On the second note of $5000.00 two payments were made by the executrix during the year following her appointment, which adjusted the interest to April 1, 1930. On the same dates, like interest payments were made by the executrix upon the third note of $5000.00. From this evidence alone, it is asserted by the plaintiff, the court would be warranted in finding a waiver because it showed knowledge of the executrix of the amount and nature of the claim, the interest rate, and the time when interest became due, and that the payments of interest recognized the validity of the notes as obligations against the estate. The defendant insisted that she was not personally aware of the aggregate sum owing to the plaintiff bank and simply followed the suggestions of her counsel as to the payments made.

The plaintiff went further, however, and presented for consideration the first account of the defendant, as executrix, to the Probate Court, which was dated and filed within a year, and in which she claimed to be entitled to allowance of the sums paid by her for interest. After this account had been prepared by her attorney, she submitted it to another lawyer who, after investigation, advised her that the account was properly stated.

By stipulation of counsel, it was agreed that the executrix filed on October 30, 1929 a petition for license to sell real estate, showing debts of deceased $90,000.00 and which sum included the notes of the plaintiff bank.

The attorney for the executrix, called by the plaintiff, testified that as a part of his services to his client, he procured the data as to all matters connected with the estate, including its liabilities and

assets, and gave her the information; that she was fully cognizant of the nature and amount of the notes in suit, recognized the obligation of the estate to pay interest thereon, and of her own volition made such payments. Exceptions were taken to the admissibility of this testimony and argument was based upon the reasoning of the court in *Rawson* v. *Knight*, supra, to the effect that presentation of a claim against an estate to the attorney for the estate would not bind the executrix. The evidence was not offered to prove compliance with the statute as in that case, but a waiver of it. The information possessed by the defendant concerning the matter, and her conduct in relation thereto, constituted the issue, and the plaintiff had the right to compel the testimony of her attorney upon these points. No complaint was made, and none could be, that the testimony was within the realm of professional confidence and, therefore, privileged. *Gower* v. *Emery*, 18 Me., 82. The exceptions relative to this testimony are without merit.

Such were the facts presented to the trial court as to the acts and conduct of the defendant within the period during which presentment might have been made by the plaintiff. It is true, and both sides concede, that a waiver, if any there be, must be made within such period. *Wadleigh* v. *Jordan*, 74 Me., 483; *Littlefield* v. *Cook*, 112 Me., 551, 92 A., 787.

The remaining exceptions were taken as to evidence concerning the knowledge and conduct of the executrix after the limiting period had expired.

Four exceptions were taken to the testimony of the attorney for the estate as to the knowledge of the executrix concerning the statements contained in probate petitions filed during the administration of the estate but subsequent to the time required for presentation of claims. If no evidence had been introduced of waiver within the prescribed period, then the exceptions would have been pertinent. The testimony complained of was not admissible to show subsequent waiver, but was admissible to show acts and conduct consistent with and confirmatory of prior waiver. Moreover, the reasoning of the defendant loses cogency when the record shows that all the probate documents, signed by the defendant and filed subsequently and specifying the notes in suit as claims against the estate, were offered and admitted without objection and, in fact, by

stipulation of the parties. It is the conclusion of the Court that the presiding Justice, upon competent evidence, was warranted in finding liability of the defendant.

The entry will be                    *Exceptions overruled.*