**A–ROCKET MOVING COMPANY,**
**Appellant,**

v.

**Ethelda ARCENEAUX, Appellee.**

**NO. A2420.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 6, 1980.

Reagan W. Simpson, Fulbright & Jaworski, Houston, for appellant.

Carl Crow, Crawford & Grissom, Inc., Houston, for appellee.

Before BROWN, C. J., and JUNELL and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an award of damages for injuries sustained by appellee in a collision between the cab in which appellee was riding and a moving van owned by appellant. We affirm.

The jury found that appellant's vehicle ran a red light and that appellant's driver, acting within the scope of his employment, was negligent in speed, application of brakes and lookout. The jury also found that the cab driver, who is not a party to this appeal, had been negligent and it attributed 35% of the producing cause to the cab driver's negligence and 65% to appellant's driver. The jury awarded appellee $1,300.00 for medical expenses and $22,-000.00 for past and future physical pain, mental anguish, and physical impairment. There were no lost wages as appellee was not employed at the time of the collision.

Appellant raises three points of error, two relating to the admission of testimony and the other to the amount of damages.

Appellant complains of the admission of deposition testimony, timely objected to, by Woods, a wrecker driver, concerning an alleged bribery attempt. His testimony states that he arrived at the scene of the accident shortly after its occurrence and that, while waiting to determine whether his services would be needed, he was approached by a black male, between 5'6" and 5'8" tall, heavyset, and between thirty–five and forty years of age. Over the objections of appellant's attorney, Woods stated that the individual who approached him "said that he was either the owner of the truck or was part of the company that owned the truck." Woods further testified that the same individual "reached into one of his pockets and pulled out a large wad of money and asked me if I would be willing to say

that the Yellow Cab ran the red light and he would be more than happy to make it worth my while if I would say so." A hearsay objection was also made to this testimony.

■ Appellant concedes that testimony relating a bribery attempt by a party falls into the hearsay exception for admissions by a party. *Johnson v. Whitehand*, 21 S.W.2d 41 (Tex.Civ.App.–Austin 1929, writ dism'd); *City of Austin v. Howard*, 158 S.W.2d 556 (Tex.Civ.App.–Austin 1941, writ ref'd w.o.m.). Appellant argues, however, that this type of testimony is not admissible until sufficient proof has been introduced to establish the attempt by either the party or by an authorized agent. Appellant asserts there was insufficient evidence that the bribery statement was made by the owner of A–Rocket Moving, Mr. Sam. It is correct that the identity of the person making the bribery offer must be established by a preponderance of the evidence before this exception to the hearsay objection is established. We hold that appellee met this burden of proof. Sam, a black male, is, according to his driver's license, 5'10", weighs two hundred pounds, and was forty years old at the time of the accident. Sam testified that he had spoken with a white wrecker driver, and, to his knowledge, none of his employees at the scene of the accident had talked to any of the wrecker drivers.

Thus, Sam fit the description closely and was the only individual at the scene of the accident associated with appellant who spoke with a wrecker driver shortly after the accident. He had a motive for making a bribery attempt. This was sufficient evidence to permit the introduction of testimony regarding the alleged bribe.

■ Appellant also contends that there was insufficient evidence to support the jury's finding of $22,000.00 damages for past and future physical pain, mental anguish, and physical impairment. We cannot agree. There was competent medical testimony indicating that appellee had suffered a cervical lumbar strain and contusion to the ribs. Additionally, for a period of time,

appellee experienced pain and limited motion in her neck and back. An examination in June 1978, revealed thickened muscles in the upper trapezius and restricted cervical lumbar motion. Her condition has required medication, the use of a corset and home cervical traction kit, periodic physical therapy, and diathermy treatment. Appellee also testified that, prior to treatment, she had experienced difficulty in sitting down in and arising from a chair, lifting, and sleeping on her right side or back.

Appellant alleges that the $22,000.00 award was clearly excessive and a result of jury passion and prejudice created by the admission of the alleged bribery attempt. A jury must award damages only on the basis of the evidence relevant to the pled elements of damage and cannot make an award based upon bias or prejudice. *Greyhound Lines, Inc. v. Craig*, 430 S.W.2d 573 (Tex.Civ.App.–Houston [14th Dist.] 1968, writ ref'd n.r.e.). Appellant cites several cases in which comparable damages were awarded for injuries appellant alleges were more severe than those in the case before us. While it is proper to compare cases for determining whether an award is excessive, *Bill Hendrix Auto Parts v. Blackburn*, 433 S.W.2d 237 (Tex.Civ.App.–Houston [14th Dist.] 1968, no writ), the cases cited by appellant are not helpful since all of them are between five and sixteen years old. We do not consider this award so excessive on its face as to evidence jury bias or prejudice. As we find no evidence, implicit or explicit, of jury bias or prejudice, we must affirm the verdict if there is any reasonable evidence upon which it could be reached. It is irrelevant that this Court might have awarded a lesser sum if we had been called upon to do so initially. *Hammond v. Stricklen*, 498 S.W.2d 356 (Tex.Civ.App.–Tyler 1973, writ ref'd n.r.e.). Personal injury damages cannot be measured by a hard and fast standard, and the jury must be afforded broad discretion in fixing their amount. *Southern Pacific Transportation Company v. Peralez*, 546 S.W.2d 88 (Tex.Civ.App.–Corpus Christi 1976, writ ref'd n.r.e.). We hold there was sufficient evidence to support the jury's award in this case.

Affirmed.