EZRA MARSHALL *vs*. CYRUS PERKINS,
executor of the last will and testament of SEBRA DUNHAM.

Oxford. Opinion June 7, 1881.

*Stat. 1872, c. 85, § 12. Executor or administrator — presentment of a claim to.*

An action cannot be maintained against an executor or administrator upon a promissory note of the deceased, unless the plaintiff has seasonably presented the defendant, as required by stat. 1872, c. 85, § 12, with a written statement of his claim comprising a full description of the note, [copy] unless the defendant waived the same by making no objection to a like presentment of the note itself.

The claim must be presented in writing by the plaintiff, or his agent or attorney, its presentment by a prior holder is not sufficient.

ON REPORT.

Assumpsit upon the promissory note of Sebra Dunham, for three hundred and sixty dollars, dated September 1, 1851. The writ was dated November 19, 1878. Plea, general issue, with brief statement that the claim had not been presented in writing to the defendant as required by the statute.

The opinion states the facts that are material to the question.

*Geo. A. Wilson*, for the plaintiff.

Statutes are to receive such a construction as must evidently have been intended by the legislature. *Winslow* v. *Kimball*, 25 Maine, 493.

The intention of the legislature in providing that the claim must be presented in writing thirty days before suit is brought against an executor or administrator, was evidently to give the

representative notice of the existence of such a claim, and give him time and opportunity to investigate it. See *Blackington* v. *Rockland*, 66 Maine, 333; *Holbrook* v. *Holbrook*, 15 Maine, 9, for analogous cases.

The presentment of the note itself not only answered the statute requirements but performed in the fullest manner the offices desired and intended by the legislature; it was more than sufficient. *Ingalls* v. *Cole*, 47 Maine, 540; *Stimpson* v. *Monmouth Fire Ins. Co. Id.* 379; *Nichols* v. *Perry*, 58 Maine, 29.

It makes no difference that the note changed hands after it was presented for payment. The change of the claimant does not affect the defendant.

*Enoch Foster*, for the defendant, cited: Stat. 1872, c. 85, § 12; *Eaton* v. *Buswell*, 69 Maine, 552; *Lancey* v. *White*, 68 Maine, 30.

VIRGIN, J. Assumpsit on a promissory note given by the defendant's testator, payable to his wife, Marion Dunham or bearer, at the testator's decease, which occurred November 30, 1876. The question is, has the requirement of R. S., c. 87, § 12, as amended by stat. 1872, c. 85, § 12, been complied with. That requirement, so far as it applies to this case, is that, no action shall be maintained against an executor on a claim against his testator's estate, "unless such claim is first presented in writing, and payment demanded at least thirty days before the action is commenced."

In this case, the note itself was presented seasonably to the defendant, and payment thereof demanded; and the plaintiff contends that thereby his claim was "presented in writing," within the substantial requirement of the statute.

A substantial compliance with its provision, is a condition precedent to the maintenance of the action. *Eaton* v. *Buswell*, 69 Maine, 552. What constitutes a presenting in writing of a claim, must be determined (in the language of BARROWS, J. in *Nichols* v. *Perry*, 58 Maine, 29, 32, in construing a somewhat similar statute notice,) "by a fair and liberal construction of the statute in furtherance of its object." And considering the numerous claims meritorious and otherwise, which are frequently set up

against dead men's estates, and, in the absence of only such personal knowledge of the deceased as can be gleaned from the papers which he may have left, the great embarrassment of the administrator in determining which should be paid, and which rejected, and the desirability of seasonably paying such as shall appear just; the evident design was to prevent actions involving needless cost and expense to the estate in collecting honest claims against it, by compelling a claimant to hand to the administrator the nature and extent of his claim, and allow the reasonable prescribed period for investigating the justice of it. The solicitude of the legislature concerning the just settlement of estates is disclosed by the statutes.

Thus: As early as the revision of 1841, it was provided that claims against insolvent estates "must be presented in writing, supported by affidavit of the claimant or of some person cognizant thereof, stating what security the claimant has, and the amount of credit to be given." R. S., 1841, c. 109, § 6. And § 7, allowed the commissioners of insolvency to examine the claimant under oath on all matters relating to the claim. The design of these provisions was to afford persons administering on estates, additional means for the protection of the estate against spurious claims, SHEPLEY, J. Morse v. Page, 25 Maine, 496, 499. But realizing that spurious claims were not confined to insolvent estates, the legislature authorized executors or administrators to require of claimants against solvent estates, precisely the same mode of prosecuting their claims as the statute imperatively demanded of claimants against insolvent estates. Stat. 1869, c. 7, § 6, now incorporated in R. S., c. 64, § 60. And on the same day the legislature enacted the statute under consideration. Stat. 1869, c. 9, incorporated in R. S., c. 87, § 11, and amended by stat. 1872, c. 85, § 12. The phrase "presented in writing" is in each of the three statutes mentioned. We fail to see how the provisions of the first two statutes can be complied with, unless the claim, whether the original evidence of it is in writing or not, be reduced to writing; for both of those statutes seem to contemplate that the claim presented shall be deposited with the executor, else he could not prosecute him should he commit per-

jury. And if this view be correct in relation to those statutes, no good reason occurs to us for construing otherwise the same phrase in § 12.

The word "claim," is a general one, and broad enough in its signification to include all demands of every name and nature, whether resting in contract oral or written, or sounding in tort. The statute makes no distinction between verbal or written contracts, simple contracts or specialties. Whichever or whatever the claim may be, it is to be presented in writing. The law being general, its construction must be general, and apply to all cases. We cannot divide it into as many special rules as there are cases which may arise under it.

Of course the claimant is not bound, under the statute requiring thirty days notice, to furnish the executor a detailed statement of all the information he may have concerning his claim. That construction would add to the nature and extent of the notice required by the statute. *Ingalls* v. *Cole*, 47 Maine, 540. If the executor desires more than a simple written statement of the claim handed to him, R. S., c. 64, § 60, affords him ample means to obtain it.

But stat. 1872, c. 85, § 12, like the others cited, was enacted for the benefit of estates, and of those who take upon themselves the important trust of administering on them; and any party may waive the provisions of a statute made for his benefit. *Smith* v. *Chadwick*, 51 Maine, 515; *Mattocks* v. *Young*, 66 Maine, 459. When a claimant hands to an executor a written statement comprising a full description of a promissory note to which his testator was a party, its date, sum payable, time of payment and parties, and demands of him payment thereof he has done all this statute requires of him. And if instead thereof, he hands to him the original note and permits him to examine and take memoranda of it, the executor thereby acquires the best possible evidence of the claim, together with a knowledge of the genuineness of the signatures of the responsible parties, and of the witness' signature and the probability of the latter being made at the date of the note. And if the executor avail himself of such a presentation, and make no objection thereto, he must

be considered to have waived the more formal statute requirement, for neither he nor the estate which he represents, can suffer by the waiver.

But is is said that, when the note was presented to the defendant and payment thereof demanded, Eliza M. Marshall was the owner of the note and claimant, and that thereafterward and before the commencement of this action, she gave the note to her husband, the present plaintiff, who has never presented the claim anew to the defendant, but relies upon the presentment made by his wife; and the defendant contends that this plaintiff cannot maintain an action thereon as claimant until thirty days after he has presented it. We think this proposition is sound.

Of course the presentation may be made by the claimant in person, or by his agent or attorney. And while the statute does not require this in terms, or that no one who has not presented it as claimant shall bring an action thereon, we think such a construction is fair, and the only one consistent with its object. Otherwise the executor might not be able to find the claimant in order to pay the note, and thus save costs and expense of a needless action. Moreover there might be legal reasons for not paying the note to a payee who may have presented it as claimant which might not exist as against some subsequent holder, without notice. *Field* v. *Tibbetts*, 57 Maine, 358. And the law of set-off might have been the reason why the executor did not pay the note when presented by the heir of the maker, while the estate might not have any account against the present plaintiff.

The defendant does not question the title of the plaintiff to the note through a completed gift, as the plaintiff anticipated he would. And if he had raised that question and succeeded in defeating his title, thus leaving it in the wife, the authorities cited by the plaintiff's brief would hardly be applicable; for the "facts reported and evidence offered" fail to show that the action was brought for the benefit of Eliza, and by her order; and the cases cited only authorize an action on a promissory note, which passes by delivery, to be brought in the name of any person who consents thereto, except when brought "for the benefit of the owner

and by his order." See *Ticonic Bank* v. *Bagley*, 68 Maine, 250, where BARROWS, J. sums up the decisions.

According to the terms of the report,

*Plaintiff nonsuit.*

WALTON, BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.

APPLETON, C. J., did not concur.