CLINTON C. PALMER, Applt.
From Decree of Judge of Probate.

York. Opinion May 17, 1913.

*Account. Appeal. Allowance. Counsel Fees. Creditors. Disbursements. Discretion. Exceptions. Executors. Limitations. Private Account. Probate Court. Statute of Limitations. Trust.*

1. Under exceptions to the decision of the Supreme Court of Probate on a probate appeal, only questions of law are open for determination. The findings of the Justice presiding in matters of fact are conclusive, if there is any evidence to support them. When the law invests the Justice presiding with power to exercise his discretion, that exercise is not reviewable on exceptions.

2. After the settlement, on appeal, of the account of a testamentary trustee or an executor, in the decree for which no provision was made for the

payment of the expenses and counsel fees of the accountant in that proceeding, neither the Judge of Probate, nor the Supreme Court of Probate, has power, in the settlement of a subsequent account, to allow him credit for such expenses and counsel fees, either in connection with the hearing before the Judge of Probate, or on appeal. The rule is the same in equity.

3. When an executor is summoned in a suit at law as trustee of a legatee interested in the residuum of the estate, he may, in a proper case, contend against his liability, and may employ counsel for that purpose, and his expenses and counsel fees therein, may, in the discretion of the court, be allowed to him in the settlement of his account.

4. An appeal by executors from the disallowance of $437, being part of an attorney's bill paid by them, raises the questions of the legality and propriety of every item that made up the sum of $437. All the items having been disallowed, it was not necessary to state in particular the items disallowed, in the reasons for appeal.

5. The "private claim" of an executor is not barred by the statute of limitations relating to suits against executors and administrators, though not presented to the Probate Court for allowance until after the statutory limit for suits is passed.

6. The "private claim" of an executor stated in his account to be the "private claim of Francis Palmer, as executor, amount due on note signed by the deceased in favor of said Francis Palmer, $61.93," is not stated with sufficient particularity to comply with the statute requirements. Whether in this case the disallowance of this claim should be without prejudice to the right to present it properly in a further account is a question which must be determined in the Supreme Court of Probate.

On exceptions by Clinton C. Palmer, to the allowance of certain items in the second account of the executors of the will of Elizabeth C. Palmer. Three exceptions relating to expenditures in connection with the Holcomb case overruled. All other exceptions sustained.

From the allowance of the second account of Francis Palmer, Chase Palmer and Chase Eastman, executors of the last will and testament of Elizabeth C. Palmer, by the Judge of Probate, cross appeals were taken by the executors and by Clinton C. Palmer, beneficiary under a trust created by the will in the residuum of the estate. The appeals were heard in the Supreme Court of Probate and a decree made. The executors abide by this decree. Clinton C. Palmer excepted to the allowance of seven items by the Supreme Court of Probate.

The case is stated in the opinion.

*Clinton C. Palmer,* Pro Se.

*Robert B. Seidel,* for Bartlett Palmer.

*Cleaves, Waterhouse & Emery, and James O. Bradbury,* for Francis Palmer, et al.

SITTINGS SAVAGE, C. J., SPEAR, CORNISH, KING, JJ.

HALEY, J., having been of counsel, did not sit.

SAVAGE, C. J. These were cross appeals from the allowance of the second account of Francis Palmer, Chase Palmer and Chase Eastman, executors of the last will and testament of Elizabeth C. Palmer. In their account the executors charged themselves with balance of their former account and sundry items received since, amounting in the aggregate to $18,538.85, and asked to be allowed for sundry items of credit, amounting to $4,042.70. The Judge of Probate disallowed certain of the credit items, and modified others, and allowed credit in the whole for the amount of $2,490.01. Separate appeals from this decree were taken by the executors, and by Clinton C. Palmer, beneficiary under a trust created by the will, in the residuum of the estate.

The appeals were heard in the Supreme Court of Probate, and a decree made. The decree confirmed for the most part the allowance of credit items made by the Judge of Probate. Other items were modified and corrected. The amount of credits allowed by the Supreme Court of Probate was $2,394.22. The executors abide by this decree. But Clinton C. Palmer excepted to the allowance of seven items, and with these items alone are we now concerned. His bill of exceptions was allowed by the presiding Justice, "if allowable." Under these exceptions only questions of law are open for determination. The findings of the Justice presiding in the Supreme Court of Probate in matters of fact are conclusive, if there is any evidence to support them. And when the law invests him with the power to exercise his discretion, that exercise is not reviewable on exceptions. If he finds facts without evidence, or if he exercises discretion without authority, his doings may be challenged by exceptions. *Small* v. *Thompson,* 92 Maine, 593; Eacott, Appl't, 95 Maine, 522; Dunlap, Appl't, 100 Maine, 397; *Costello* v. *Tighe,* 103 Maine, 324.

The long continued contention between Clinton C. Palmer and the executors of his mother's will has appeared in this court in several cases. *Holcomb* v. *Palmer,* 106 Maine, 17; *Palmer, Appellant,* v. *Palmer,* 106 Maine, 26; and *Haley* v. *Palmer,* 107 Maine, 311. The first case was a trustee process at law wherein a creditor of Clinton C. Palmer summoned and sought to hold these executors as trustees of Palmer, on account of property or funds of the estate in their hands as executors. The trustees were discharged. The second case was an appeal by Clinton C. Palmer from the allowance of the executors' first account. The court made no decree as to allowance of costs or expenses to the executors. The third case was a bill in equity, in the nature of an equitable trustee process, as it is called, wherein a creditor of Clinton C. Palmer sought to impress a creditor's equitable lien upon certain stocks and other property in the hands of the executors, and Clinton C. Palmer's trustee, and have the same applied to the payment of his debt. The executors, one of whom was the trustee, were parties defendant. The bill was sustained as to the trustee, which produced funds sufficient for the purposes of the case. No allowance of costs or expenses was made to the executors.

Many of the credits claimed in the present account were for expenses incurred in connection with these three proceedings. Some of the items were disallowed by the Supreme Court of Probate under the rule stated in *Peabody* v. *Mattocks,* 88 Maine, 164. It is now claimed that some items allowed should have been disallowed under the same rule. That rule is that after the settlement, on appeal, of the account of a testamentary trustee or an executor, in the decree for which no provision was made for the payment of the expenses and counsel fees of the accountant in that proceeding, neither the Judge of Probate nor the Supreme Court of Probate has power, in the settlement of a subsequent account, to allow him credit for such expenses and counsel fees, either in connection with the hearing before the Judge of Probate, or on appeal. Such expenses and counsel fees must be allowed, if allowed at all in the proceeding in which the expenses were incurred, and the services of counsel were rendered. Whether they shall be allowed at all rests in the discretion of the court, and that discretion can be exer-

cised only by the court that heard the case. If the decree of the court is silent as to the allowance of expenses, it is to be assumed that the court determined that expenses should not be allowed. Silence is denial. The rule is the same in equity.

This rule is applicable to expenses incurred in connection with the settlement of the first account, *Palmer* v. *Palmer,* and the equity suit, *Haley* v. *Palmer.* But it is not applicable to expenses incurred in the Holcomb case. The statute provides that one who is summoned as a trustee in a suit at law may, if he discloses in accordance with the statute requirements, retain his costs, that is, his taxable costs, out of the fund, if he is charged as trustee, or recover them of the plaintiff, if he is dicharged. But there is no legal method by which he can have his personal expenses or expenses of counsel, if he finds them necessary, allowed to him out of the fund, or taxed as costs against the plaintiff.

Three of the plaintiff's exceptions relate to expenses incurred by the executors in the Holcomb case, namely, expenses for counsel fees, for printing the case for the Law Court, and for typewriting briefs. Whether that kind of expenses might be allowed at all, and whether the question of their allowance is properly raised by the appeals, are questions of law, and are open to present consideration. How much should be allowed, if any is legally allowable, and the propriety of allowance, depend upon questions of fact, and the conclusion of the presiding Justice thereon is conclusive, if there is any testimony to support it. See cases cited, supra.

We think that when executors are summoned in a suit at law as trustees of a legatee interested in the residuum of the estate, they may not only deny their liability, but they may, in proper cases, contend against it. And for that purpose they may employ counsel. It is their duty to conserve the estate. Though it may turn out in the end that only the interest of that particular legatee might be affected, nevertheless, it might turn out that there would be no residuum, and that the entire body of the estate would be required for payment of debts and other expenses of general administration. There may be other reasons, but this is sufficient. It is not necessary now to consider what would be the duties of executors after full administration and order for distribution of the residuum. We

are not now saying that the condition of this estate did or did not require the retention of all the property for purposes of general administration.   We are only saying that as a matter of law executors summoned as trustees may in proper cases employ counsel and incur other expenses for the protection of the estate.   The propriety of allowing such expenses in a given case, and the amount to be allowed, depend upon a consideration of the facts of that case, concerning which the decision of the presiding Justice on appeal is conclusive.   These considerations apply to the allowance of expenses of printing, and of typewriting, as well as of counsel fees.

But Clinton C. Palmer contends that the question of the propriety of a charge for counsel fees in the Holcomb case was not open on the appeal, that it was not raised by any of the reasons of appeal. It appears that the attorney employed by the executors has been paid by them the sum of $625 for services in the settlement of the first account, and in the Holcomb case, and otherwise.   The Judge of Probate allowed $188 of this amount, being for "professional services and disbursements in the matter of the settlement of the first account of the executor," and disallowed the rest of the attorney's bill, or $437.   From the allowance of the $188, Clinton C. Palmer appealed.   The Supreme Court of Probate disallowed the $188 under the rule in *Peabody* v. *Mattocks,* but did allow $171.50 paid to the attorney for professional services in the Holcomb case. Although the items of the attorney's bill do not appear in the account, nor elsewhere in the record, it is obvious that they were included in $437 disallowed.   In their appeal, the executors give as one reason, because "$437 being a part of an item which said executors in said account asked to be allowed them as disbursements paid for professional services rendered on account of said estate was disallowed as not being a proper charge against the executors." It is contended that this assignment does not present the question whether or not the executors should be allowed credit for some part of the $437, or for such part thereof as was paid for services in the Holcomb case.   We think otherwise.   The appeal from the disallowance of $437 raised the questions of the legality and propriety of every item that made up the $437, as charges against the estate. It was unnecessary that the appellants should state in particular the items disallowed, because all the items were disallowed.   The excep-

tions to the allowance of $171.50 counsel fees, $20.50 printing and $20.50 typewriting in connection with the Holcomb case are therefore overruled.

An exception is taken to the allowance of the "private account" of Francis Palmer, an executor. One objection is that the claim is barred by the statute of limitations relating to claims against executors. This point is not tenable. The case shows that the executors actually paid the claim within a few weeks after their appointment, though they did not ask the court to allow it as a "private claim" until after the statutory limit for suits had been passed. We know of no statutory requirement that "private claims" of executors must be presented to the Probate Court for allowance within the period of limitation, or not at all. Unless within some statute bar, the claim is not barred.

But the further point is made that the claim is not "particularly stated" in the account. It is provided in R. S., Chap. 66, Sec. 65, that "no private claim of an executor . . . against the estate under his charge shall be allowed in his account, unless particularly stated in writing." The claim is stated in the account as the "private claim of Francis Palmer, an executor, amount due on note signed by deceased in favor of said Francis Palmer, $61.93." The date of the note is not given. Whether the $61.93 is the face of the note, or the face of the note with interest, or the balance due on the note does not appear in the statement. The statement is no more paticular than it would be to say "balance of account." This statement clearly falls short of the standard required. It is not enough that the other executors had recognized the legality of the claim by paying it. An executor is required to state his private claim with particularity in order that all persons interested in the administration of the estate may have an opportunity to investigate the claim, and contest it if they see fit. They are entitled to have the claim stated with as much particularity, but perhaps not with as much formality, as would be required in a declaration in a suit on the claim. See *Hurley* v. *Farnsworth,* 107 Maine, 306. The statute is peremptory. The claim if not properly stated cannot be saved by proof. Upon the present statement the claim should be disallowed as a matter of law, and this exception

must be sustained. Whether it ought to be disallowed without prejudice to the right to present it properly in a further account is a question which must be determined when the matter comes up for further hearing in the Supreme Court of Probate.

An exception was taken to the allowance of $112.70 to Chase Palmer executor for disbursements. The case shows that all of these disbursements except $34.50 were made in connection with the settlement of the first account, and of the Haley case. Under the rule in *Peabody* v. *Mattocks,* they should have been disallowed as a matter of law. This exception must be sustained. The exception to the allowance of $10.72 to Chase Eastman, executor, for disbursements, must be sustained for the same reason. Out of $19.70 claimed for allowance, at least $13.58 was for disbursements in connection with the first account and the Haley case. So that at the most, only $6.12 could properly have been allowed.

The remaining exception relates to the allowance of commissions. One point made is that no commissions should have been allowed on the ground that the executors have mismanaged and wasted the estate. That point presents no question of law and is not open on exceptions. The decision of that question rested in the discretion of the presiding Justice, to be exercised in accordance with the proofs in the case.

But the further point is made that the Supreme Court of Probate allowed 5 per cent on $37,901.02, while the total amount for which the executors charge themselves in this account is $18,538.85. The executors begin their account by charging themselves with "balance of former account" $15,574.92. To this sundry items of receipts are added, making the total $18,538.85. The record entirely fails to show how much was accounted for in the first account. It fails to show how much, if any, more than $18,538.85 ever came into their hands. There is no proof in this case that they had received $37,901.02, or any other specific sum more than $18,538.85. The omission was doubtless inadvertent. If we were permitted to supply the omission by the knowledge of the situation which we have gained in other litigation between these parties, we might do so. But we have no right to do this. We are limited to the record before us. We cannot go outside of it. *Hunter* v. *Heath,* 76 Maine,

219, and many other cases. We must leave the omission to be supplied on a further hearing. Reluctantly, therefore, we are compelled to say that the exception must be sustained.

> *Three exceptions relating to expenditures in connection with the Holcomb case overruled; all other exceptions sustained.*