ABRAHAM J. BERNSTEIN *vs.* JOHN B. KEHOE, Admr.

Cumberland. Opinion December 27, 1922.

*The legal construction of Sec. 14, Chap. 92, R. S., relative to filing a claim, supported by affidavit, against an estate, in the Registry of Probate, is that such a claim may be filed at any time after the decease of the intestate and within twelve months after the appointment of the administrator.*

The facts show in this case that the plaintiff's claim was filed in writing with affidavit. A notation on the proof of claim reads: "This proof of claim was filed before the administrator was appointed;" such was the proof. The defendant's exception lies wholly to the validity of the filing of the claim on the ground that it could not be filed against an estate before the appointment of the administrator.

The legal issue thus presented by defendant cannot be sustained. The phrase in Section 14, which pertains directly to the issue requires that the claim shall be filed "either before or within twelve months after his qualification as such executor or administrator." The language of that phrase is too elementary to admit of any construction. A claim properly made and filed any time after the decease of the intestate and entered within twelve months after the appointment of his administrator is a valid claim so far as the time of filing is concerned. And as no other objection is made to the legal sufficiency of the claim, the exception is not well founded.

The verdict was for the exact difference between the amount claimed and the amount credited. No other inference could be drawn from the evidence. As the verdict was right, the exceptions to the order for a verdict for the plaintiff and the general motion to set aside the verdict, must be overruled.

On exceptions and motion for a new trial. An action of assumpsit to recover on account annexed for use and occupation of a tenement. The plaintiff filed his proof of claim against the estate of the intestate in the Registry of Probate on December 18, 1919, and the administrator was appointed and qualified June 23, 1920. Defendant contended that the claim must be filed within twelve months after the appointment of the administrator, while the plaintiff insisted that a claim may not only be filed within said twelve months, but may be filed at any time before the appointment of the administrator. At the close of the plaintiff's testimony, no evidence being offered in defense, defendant made a motion for nonsuit, which was denied. He then presented a request that the court instruct the jury, in case it should find for plaintiff, to assess nominal damages only, which was refused. The plaintiff then made a motion to the court to direct a verdict for plaintiff, which was granted. To this order exceptions were taken, and a general motion was also filed for a new trial. Exceptions and motion overruled.

The case is stated in the opinion.

*I. Bernstein,* for plaintiff.

*George Libby,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

SPEAR, J. This is an action of assumpsit against the administrator of an estate to recover $200.50 for rent, a sum alleged to have been due from the decedent, in his lifetime, to the plaintiff. A money count was attached. The verdict was for the full amount. The case comes up on exceptions and motion.

The exceptions involve a single question of law, which requires the interpretation of a phrase in Sec. 14, Chap. 92, of the R. S. Section 14 reads as follows:

"CLAIM TO BE FILED WITHIN TWELVE MONTHS. All claims against estates of deceased persons, except for legacies and distributive shares and for labor and materials for which suit may be commenced

under section thirty-four of chapter ninety-six, shall be presented to the executor or administrator in writing, or filed in the registry of probate, supported by an affidavit of the claimant, or some other person cognizant thereof, either before or within twelve months after his qualification as such executor or administrator; and no action shall be commenced against such executor or administrator on any such claim until thirty days after the presentation or filing of such claim as above provided. Any claim not so presented or filed shall be forever barred against the estate, except as provided in sections seventeen, nineteen and twenty-two of this chapter."

The facts show that the plaintiff's claim was filed in writing with affidavit. A notation on the proof of claim reads: "This proof of claim was filed before the administrator was appointed;" such was the proof. The defendant's exception lies wholly to the validity of the filing of the claim on the ground that it could not be filed against an estate before the appointment of the administrator. In argument he contends as follows:

"No one would contend that notice in writing as provided in the Statute could be given the administrator before he was appointed and the Defendant claims that the same rule should apply to filing of notice in the Probate Court which to be valid should be filed after the appointment of the administrator or within twelve months after his qualification."

Thus the legal issue is presented by the defendant. But it cannot be sustained. The phrase in Section 14, which pertains directly to the issue requires that the claim shall be filed "either before or within twelve months after his qualification as such executor or administrator." The language of that phrase is too elementary to admit of construction. A claim properly made and filed any time after the decease of the intestate and entered within twelve months after the appointment of his administrator is a valid claim so far as the time of filing is concerned. And, as we understand, no other objection is made to the legal sufficiency of the claim. The exception is not well founded.

At the close of the plaintiff's testimony, no evidence being offered in defense, the defendant made a motion for nonsuit, which was denied. He then presented a request that the court instruct the jury "in case the jury shall find for the plaintiff, nominal damages only may be assessed against the defendant," which was refused. The

plaintiff then made a motion to the court to direct a verdict for plaintiff, which was granted.   To this order exceptions were taken, and a general motion was also filed for a new trial.

The evidence of the plaintiff proved that he was entitled to recover for rent of certain premises, occupied by the decedent in his lifetime, for 114 months at five dollars per month.   It was then incumbent upon the defendant, not the plaintiff, if payments on the account were claimed, to prove them.   None were so proved, but the plaintiff gave certain credits upon the account which were admissions against his interest and consequently became evidence of the credits so given.   The verdict was for the exact difference between the amount claimed and the amount credited.   No other inference could be drawn from the evidence.   As the verdict was right, the exceptions to the order for a verdict for the plaintiff, and the general motion to set aside the verdict, must both be overruled.

*Exceptions and motion overruled.*