FRANCIS EDDY ET AL. *vs.* PHILIP D. STARBIRD, ADMR.

Cumberland.      Opinion, June 28, 1937.

*Harry E. Nixon,*
*David E. Knapp,* for plaintiffs.
*Frederick J. Laughlin,*
*Lauren M. Sanborn,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.   Plaintiffs sue the administrator of the estate of a deceased person for the commission by the latter in his lifetime of a continuing trespass on real property. The case is forward, on a report of the evidence, for final decision.

The statute respecting the collection of claims subsisting against decedents at their death, fixes a time limit within which, and before suit, there shall be either presentation in writing of the claim to the executor or administrator, or, supported by affidavit, filing in the registry of probate. R. S., Chap. 101, Sec. 14; *Howe* v. *Gray, Admx.*, 119 Me., 465, 111 A., 756; *Bernstein* v. *Kehoe, Admr.*, 122 Me., 144, 119 A., 198. The primary object of the legislation is to apprise the administrator of the nature, as well as the extent, of the

claim, that, after opportunity for investigation, he may arrange to pay, or to contest it. *Marshall* v. *Perkins, Exec.*, 72 Me., 343, 345; *Hurley* v. *Farnsworth, Admx.*, 107 Me., 306, 308, 78 A., 291.

Failure to present or file claims within the period allowed by law is, when insisted, a matter of fatal consequence. The penalty, except in instances not now relevant, is, with regard to the estate, perpetual bar. R. S., *supra*.

The transcript of the evidence does not show the claim in controversy to have been presented to the defendant administrator, or filed in the probate registry, though the declaration in plaintiff's writ avers both presentation and filing. There is allegation, but want of proof.

Nor did defendant waive compliance with statute requirements, as perhaps he might have done. *Rawson* v. *Knight, Admx.*, 71 Me., 99; *Littlefield* v. *Cook, Admr.*, 112 Me., 551, 92 A., 787. On the contrary, the brief of defendant's counsel makes the very point; there was stress thereon, on oral argument at the bar; this without eliciting comment or reply from opposing counsel.

There remains only to return the case to the Superior Court, from whence it came, for the entry of: Judgment for defendant.

*It is so ordered.*