WALTER W. HOLMES

*vs.*

NORA H. FRASER, EXECUTRIX OF

ESTATE OF HENRY S. PINKHAM.

Penobscot.    Opinion, October 4, 1943.

*Randolph A. Weatherbee,*

*E. A. Weatherbee,* for the plaintiff.

*C. J. O'Leary,*

*Atherton & Atherton,* for the defendant.

CHAPMAN, J. The above cause comes to this Court on an agreed statement of facts certified by the Justice presiding in the Superior Court as containing questions of law which are in his opinion of sufficient importance for the same to be reported and determined in this Court. By stipulation of the parties, if this Court decides for the plaintiff upon the issue presented, judgment is to be for the plaintiff for $210.45 and costs; otherwise judgment is to be for the defendant.

According to the agreed statement the defendant was the qualified executrix of the estate of Henry S. Pinkham, whose will was probated in Penobscot County. Suit was brought by the plaintiff upon a promissory note alleged to have been that of the executrix's deceased. Further allegation was made in plaintiff's declaration of the filing of the claim in the Probate Court in accordance with R. S. 1930, Chap. 101, Sec. 14.

The sole issue presented by the stipulation of the parties is whether the claim of the plaintiff was filed in the Probate Court in accordance with the provisions of the statute named. The affidavit described the claim as the "annexed note and interest." "The annexed note" was typewritten as to body and signature and was a copy of the original note declared upon in plaintiff's writ.

The defendant contends that the claim was not properly filed, in that the affidavit described the claim as the "annexed note," whereas it was not a note, but a copy thereof.

R. S. 1930, Chap. 101, Sec. 14, reads as follows:

"All claims against estates of deceased persons, . . . shall be presented to the executor or administrator in

writing, or filed in the registry of probate, supported by an affidavit of the claimant, or of some other person cognizant thereof, . . . ."

Statutes similar in substance exist in many jurisdictions and the courts have been generally in agreement as to the requisites of such notice. It has been held that the notice so filed shall distinguish with reasonable certainty the claim from all other similar claims and give such information concerning the nature and amount of the demand as will enable the representative to act intelligently in approving or rejecting it; and that a substantial compliance with the statute is sufficient.

*Doolittle* v. *McConnell*, 178 Cal., 697, 705, 174 P. 305;

*Roth v. Ravich*, 111 Conn., 649, 151 A. 179, 74 A.L.R., 364;

*Furst & Thomas* v. *Elliott*, 56 Idaho, 491, 56 P. (2d), 1064;

*Estate of Beyer*, 185 Wis., 23, 27, 200 N. W. 772;

*State Bank of Orlando & T. Co.* v. *Macy*, 101 Fla., 140, 133 So. 876, 78 A.L.R., 1119 ;

*Henderson, Ex'r.* v. *Ilsley*, 11 Smedes & M., 9 (Miss.) ; 49 Am. Dec. 41.

Our own court has held to the same effect.

*Palmer's Appeal*, 110 Me., 441, 447, 86 A. 919;

*Fessenden* v. *Coolidge*, 114 Me., 147, 95 A. 777;

*Grant v. Choate & Simmons*, 133 Me., 256, 259, 176 A. 289;

*Eddy, et al* v. *Starbird*, Adm'r., 135 Me., 183, 192 A. 702.

We believe that the notice in the instant case complied substantially with the requirements of the statute. We cannot see how the executrix could be misled as to the identity of the claim nor as to its nature. The statement filed could not otherwise than convey the information that the plaintiff relied upon a note, the verbatim wording of which was sufficient to distinguish it from any other claim. That the instrument annexed

was a copy, rather than the original was apparent from the fact that it was wholly typewritten, inclusive of the signature. At most, the objection raised is technical and technicalities are not favored in such proceedings. *Swan, et als, Appelants*, 115 Me., 501, 99 A. 449.

No case presenting the same state of facts has been cited, either by plaintiff or defendant, and we find no such case; but it is not entirely unheard of for a printed or typewritten copy of an instrument to be referred to as the instrument itself. Examination of opinions in reported cases will disclose that justices have sometimes taken such license. We venture to say that no one has been misled thereby.

Because of these rulings and the stipulation of the parties the entry must be:

*Judgment for Plaintiff in the sum of $210.45 and costs.*