**NEW ENGLAND MERCHANTS NATIONAL BANK**

v.

**Eleanor V. McKINNON, Executrix u/w/o Russell A. McKinnon.**

Supreme Judicial Court of Maine.

July 13, 1973.

Preti & Flaherty by David M. Cohen, Portland, for plaintiff.

Emmons & Emmons by David W. Emmons, Kennebunk, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

This appeal raises a knotty issue as to the sufficiency of a proof of claim against a decedent's estate filed in the Probate Court pursuant to 18 M.R.S.A. 2402.

Plaintiff, after having seasonably filed the proof, and after the Executrix had declined to honor it, filed a complaint in the Superior Court. A motion to dismiss the action was thereafter filed by the defendant. This motion was premised on the assertion that the proof of claim filed in the Probate Court was insufficient as a matter of law, both as to form and as to content.[1]

A Justice of the Superior Court, after hearing, granted the motion to dismiss after finding that the proof of claim was insufficient as a matter of law.

This appeal followed.

We sustain the appeal.

The proof of claim had attached thereto and made a part thereof, a contract of guaranty given to the plaintiff by the decedent guarantying payment of all liabilities, obligations and undertakings of the Harvard Development Corporation to said bank. The proof of claim further recited that as of the date of the death of the decedent the outstanding and unsatisfied indebtedness owed the bank by the Harvard Development Corporation was $101,710.92, and that "no security for said claim was taken or exists and no credit is to be given in set off." The entire agreement of guaranty between the plaintiff bank and the deceased was contained in the proof of claim. The guaranty is under seal and is dated September 7, 1965.

The undertakings of the deceased under the guaranty agreement are described in

---

1. Under 18 M.R.S.A. 2402, with the few exceptions there stated, a written claim supported by affidavit must be "presented to the executor or administrator . . . or filed in the registry of probate," as a condition precedent to the commencement of the action.

great detail. It is true there is nothing in the guaranty agreement describing what the liabilities of the Harvard Development Corporation are to the bank or the exact nature of the indebtedness incurred or to be incurred. The agreement does describe the guaranty as to payment in fulfillment

". . . of all liabilities, obligations and undertakings of Harvard Development Corporation to said Bank, whether direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising or acquired, expressly including, without limiting the generality of the foregoing, obligations upon notes whether as maker or indorser, upon acceptance, upon agreements relating to acceptances, upon obligations incident to the issuance of letters of credit, upon security agreements and upon guaranties of the liabilities and obligations of others."

■ As the Justice below so well said in his opinion on which his decision to grant the motion to dismiss was based, the purpose of the provision of the statute requiring a proof of claim as a condition precedent to commencing action on the claim is to inform the fiduciary as to all pertinent facts relating to the claim and to enable the fiduciary to determine whether the claim should be admitted or contested.

In Eddy v. Starbird, Admr., 135 Me. 183, 183–184, 192 A. 702, 703 (1937), this Court said,

"The primary object of the legislation is to apprise the administrator of the nature, as well as the extent, of the claim, that, *after opportunity for investigation,* he may arrange to pay, or to contest it." (Emphasis supplied.)

■ In Holmes v. Fraser, Exec., 140 Me. 81, 83, 34 A.2d 76 (1943) this Court declared that a substantial compliance with the statute is sufficient. It was also there pointed out the proof of claim should "distinguish with reasonable certainty the claim from all other similar claims and give such information concerning the nature and amount of the demand as will enable the representative to act intelligently in approving or rejecting it."

■ Obviously, the information furnished should be such that the cost of investigation may be kept to a minimum. The fiduciary should not be tempted to contest claims which are indefensible merely because he lacks information on which to make an intelligent judgment. In cases where the cost of investigation to determine the nature and validity of claim is great, the fiduciary might deny the claim, stand suit and let the alleged creditor make his proof at trial. This does an injustice both to the estate and to the creditor.

The issue as to sufficiency of a proof of claim has often been before this Court. We find as examples: Marshall v. Perkins, 72 Me. 343 (1881); Hurley v. Farnsworth, 107 Me. 306, 78 A. 291 (1910); In re Palmer, 110 Me. 441, 86 A. 919 (1913); Berube v. Girard, 149 Me. 338, 101 A.2d 866 (1953).

■ While none of the cases cited is bottomed on facts identical to those here before us, the rule emerges clear that to satisfy the requirements of the statute the proof of claim must contain sufficient facts to lead the fiduciary inevitably and without expenditure of substantial sums for investigation to evidence from which the fiduciary may make an intelligent judgment as to whether to contest or admit the claim.

■ The intention of the Legislature was to prevent creditors from bringing suit and causing the attendant expense to the deceased's estate in collecting honest claims against it before the fiduciary had an opportunity to intelligently make a considered judgment as to the position he should take regarding the claim. As this Court said in Marshall v. Perkins,

". . . the evident design was to prevent actions involving needless cost and expense to the estate in collecting honest claims against it, by compelling a claimant to hand to the administrator the nature and extent of his claim, and allow the reasonable prescribed period for investigating the justice of it." 72 Me. at 345.

Testing the proof of claim filed in the instant case by the standard described above, we find it to be in compliance with the requirements of the statute. It fulfills the purpose of the statute.

The administrator was furnished an exact copy of the agreement of guaranty, which gave rise to the decedent's obligation. The nature of the debt guarantied was described in detail, as was the outstanding balance due. The Harvard Development Corporation was described as the principal debtor, the obligations of which were guarantied. The fiduciary was led inevitably, and without great cost in her investigation of the claim, to the records of the Harvard Development Corporation and to the records of the plaintiff bank to verify the claim as to the outstanding debt and to ascertain what possible defenses existed, if any.

We, therefore, disagree with the conclusions reached by the Justice below which caused him to grant the motion to dismiss.

The entry must be,

Appeal sustained.

All Justices concurring.