2002 ME 109

**Rebecca Lewis VINCENT**

v.

**ESTATE OF Leo T. SIMARD.**

Supreme Judicial Court of Maine.

On Briefs: May 30, 2002.
Decided: July 9, 2002.

Shawn K. Bell, Esq., Bonneau & Geismar, LLC, David Van Dyke, Esq., Berman & Simmons, P.A., Lewiston, for plaintiff.

William J. Kelleher, Esq., Augusta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, J.J.

LEVY, J.

[¶ 1] Robert E. Simard, the personal representative of the Estate of Leo T. Simard, appeals from an order entered in the Androscoggin County Probate Court (*Couturier, J.*) finding that the personal representative's sworn statement closing the estate contained a material error and, therefore, that the estate remained open for purposes of determining the claim of Rebecca Lewis Vincent. The personal representative asserts that Vincent failed to provide a valid notice of claim pursuant to 18–A M.R.S.A. § 3–804 (1998) and that the Probate Court exceeded the bounds of its discretion when it deemed the estate open. We disagree and affirm.

## I. FACTS

[¶ 2] Vincent notified Leo T. Simard's insurance carrier in December of 1998 that she was injured on December 21, 1998, after falling on property owned by Simard. Negotiations ensued between Vincent and the insurance carrier, but a settlement was never reached.

[¶ 3] On January 3, 1999, Leo T. Simard died. Eight days later, his son, Robert E. Simard, filed an application for informal probate, and the Probate Court issued letters of authority to Robert to act as the personal representative of the Estate. On January 29 and February 5, 1999, the personal representative published notices to the creditors pursuant to 18–A M.R.S.A. § 3–801(a) (1998).

[¶ 4] On February 12, 2000, the personal representative received a written notice of claim from Vincent prepared in accordance with the requirements of Maine's prejudgment interest statute, 14 M.R.S.A. § 1602 (Supp.2001).[1] The notice of claim indicated that the alleged injury occurred on December 21, 1998, and stated: "Please be advised that the above-named claimant [Rebecca Lewis Vincent] is making [a] claim against you alleging that, as a result

---

1. The statute provides that "[p]rejudgment interest shall accrue from the time of notice of claim setting forth under oath the cause of action, served personally or by registered or certified mail upon the defendant until the date on which an order of judgment is entered." 14 M.R.S.A. § 1602 (Supp.2001).

of your negligence, the claimant suffered personal injuries." It also indicated that "[t]he purpose of this notice is to enable you to commence negotiations prior to suit." The personal representative forwarded the notice of claim to the decedent's insurance carrier but took no further action.

[¶ 5] On March 15, 2000, the personal representative filed a sworn statement closing the estate pursuant to 18–A M.R.S.A. § 3–1003 (1998). The sworn statement contained the statutorily mandated statement that the personal representative had "[f]ully administered the estate … by making payment, settlement, or other disposition of all claims which were presented." 18–A M.R.S.A. § 3–1003. It made no mention of Vincent's unresolved claim. A year after the filing of the closing statement, Robert E. Simard's appointment as the personal representative of the Estate automatically terminated by operation of 18–A M.R.S.A. § 3–1003(b).

[¶ 6] On October 23, 2001, Vincent filed a petition to reopen the estate. Following a contested hearing on Vincent's petition, the Probate Court determined that the personal representative's sworn statement closing the estate was ineffective because the personal representative had knowledge of Vincent's outstanding claim when he filed his closing statement but failed to report it and, therefore, that the estate was not "fully administered" as required by 18–A M.R.S.A. § 3–1003(a)(2). The court concluded that because the closing statement contained this material error, the estate remained open with respect to Vincent's claim. It is from this order that the personal representative appeals.

## II. DISCUSSION

[¶ 7] When an order of the Probate Court is challenged on appeal, "[w]e will defer to the trial court on its findings of fact unless clearly erroneous and will conduct a de novo review of the court's application of the legal doctrine to the facts." *Westleigh v. Conger*, 2000 ME 134, ¶ 7, 755 A.2d 518, 519–20 (quoting *Estate of Plummer*, 666 A.2d 116, 118 (Me.1995)).

### A. Manner of Presentation of Claims

[¶ 8] The Maine Probate Code is intended "to simplify and clarify the law concerning the affairs of decedents" and allow for the "speedy and efficient" settlement of estates. 18–A M.R.S.A. § 1–102(b)(1), (3) (1998). This legislative design is reflected in section 3–804, which establishes a relatively straightforward process for the presentation of claims against an estate. It provides, in pertinent part:

Claims against a decedent's estate may be presented as follows:

(1) The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.

*Id.* § 3–804(1).

[¶ 9] Here, the written notice submitted by Vincent bore the caption "Notice of

Claim" and was addressed to Robert E. Simard in his capacity as personal representative of the Estate.[2] It set forth Vincent's name as the claimant, the name and address of the law firm representing her, the date of the occurrence that is the subject of the claim, and that the claim was based upon negligence resulting in personal injury to Vincent. The personal representative asserts, however, that by failing to state the amount claimed, Vincent's notice was ineffective because it failed to satisfy all of the elements required by section 3–804(1).

[¶ 10] We construed the notice of claim statute, in effect prior to the adoption of the Maine Probate Code in 1979, as requiring substantial, not strict, compliance with the notice requirements for claims.[3] *New England Merchs. Nat'l Bank v. McKinnon,* 307 A.2d 225, 227 (Me.1973); *Holmes v. Fraser,* 140 Me. 81, 83, 34 A.2d 76, 76–77 (1943). In *McKinnon,* we explained that the statutory requirements are satisfied if the notice of claim provides the personal representative with sufficient facts that enable him or her to investigate the claim without the expenditure of substantial sums and to determine whether to allow or disallow the claim. 307 A.2d at 227.

█ [¶ 11] The standard of substantial compliance for notice of claims is consistent with the goal of simplifying the administration of estates so long as the information provided by the notice will readily lead the personal representative to any additional information needed to act on the claim. This view is reflected in the body of section 3–804(1), which expressly recognizes that "[f]ailure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made." 18–A M.R.S.A. § 3–804(1). The underlying design of the Maine Probate Code supports the view that inconsequential defects with a notice of claim do not invalidate the claim if the information provided otherwise enables the personal representative to fulfill his or her duty of action upon claims. We therefore hold that a notice of claim which substantially complies with the requirements of section 3–804(1) is effective if the information provided by the notice will enable the personal representative to investigate the claim without the expenditure of substantial sums and make an intelligent judgment whether to allow or disallow the claim. *McKinnon,* 307 A.2d at 227; *see also In re Estate of Ongaro,* 998 P.2d 1097, 1100 (Colo.2000) (explaining that a written claim must contain at a minimum "(1) a request or demand for payment from the estate, and (2) sufficient information to allow the personal representative to investigate and respond to the claim") (*en banc*); *Cun-*

---

2. The personal representative does not challenge the timeliness of the notice. *See* 18–A M.R.S.A. § 3–803(c)(2) (1998).

3. The pre-Code notice of claim statute provided that:

   All claims against estates of deceased persons and except for funeral expenses, expenses of administration, legacies, distributive shares and for labor and materials for which a civil action may be commenced under Title 10, section 3256, shall be presented to the executor or administrator in writing or filed in the registry of probate, supported by an affidavit of the claimant or of some other person cognizant thereof, either before or within 6 months after his qualification as such executor or administrator. No action shall be commenced against such executor or administrator on any such claim until 30 days after the presentation or filing of such claim. Any claim not so presented or filed shall be forever barred against the estate, except as provided in sections 2652, 2654 and 2656.

   18 M.R.S.A. § 2402 (Supp.1980) *repealed by* P.L.1979, ch. 540, § 24–C (effective Jan. 1, 1981).

*ninghame v. Cunninghame,* 364 Md. 266, 772 A.2d 1188, 1199 (2001) (substantial compliance is sufficient); *Peterson v. Marston,* 362 N.W.2d 309, 313 (Minn.1985) ("Generally, the form in which a claim is presented is not important as long as it contains sufficient information to enable the personal representative to determine its extent and character.").

■ [¶ 12] Although Vincent's notice of claim failed to state the amount claimed, it did substantially comply with the statutory requirements of section 3–804(1) by providing sufficient information to enable the personal representative to easily investigate the claim and make an intelligent judgment on whether to allow or disallow it. Following receipt of the notice, the personal representative could have determined the amount claimed by simply contacting Vincent's counsel or the decedent's insurance carrier who had engaged in negotiations regarding the claim. The court was correct, therefore, in concluding that Vincent's notice of claim satisfied the requirements of section 3–804(1).

### B. Closing Estates: By Sworn Statement of Personal Representative

[¶ 13] The personal representative asserts that his forwarding of Vincent's claim to the decedent's insurance carrier constituted an "other disposition" pursuant to section 3–1003(a)(2) and, therefore, the sworn statement closing the estate did not contain a material error. Section 3–1003(a) provides in pertinent part:

(a) Unless prohibited by order of the court ... a personal representative may close an estate by filing with the court no earlier than 6 months after the date of original appointment of a general personal representative for the estate, a verified statement stating that the personal representative, or a previous personal representative, has:

(1) Determined that the time limited for presentation of creditors' claims has expired;

(2) *Fully administered the estate of the decedent by making payment, settlement, or other disposition of all claims that were presented....* If any claims remain undischarged, the statement must state whether the personal representative has distributed the estate subject to possible liability ... or it shall state in detail other arrangements which have been made to accommodate outstanding liabilities; and

(3) Sent a copy of the statement to all distributees ... and to all creditors or other claimants of whom the personal representative is aware whose claims are neither paid nor barred....

18–A M.R.S.A. § 3–1003(a) (emphasis added). The "closing" of an estate "refers to circumstances which support the conclusions that the affairs of the estate either are, or have been alleged to have been, wound up." Unif. Probate Code § 3–1003 comment (1997).

■ [¶ 14] Contrary to the personal representative's assertion, his mere forwarding of Vincent's claim to the decedent's insurance carrier did not amount to an "other disposition" of the claim because the claim remained undischarged and was not otherwise concluded. Rather than asserting that the estate was fully administered, the personal representative's sworn statement should have either reported that the estate was distributed "subject to possible liability" or stated "in detail [the] other arrangements which have been made to accommodate" Vincent's claim. *See* 18–A M.R.S.A. § 3–1003(a)(2). In addition, despite the personal representative's receipt of Vincent's notice of claim prior to issuing the sworn statement, he failed to send a copy of the closing statement to

Vincent, who was a creditor whose claim was "neither paid nor barred." *Id.* § 3–1003(a)(3).

[¶ 15] The accurate processing of claims by the personal representative is a cornerstone of the informal probate process. The failure to acknowledge a known and outstanding claim in the sworn statement closing an estate as required by section 3–1003(a)(2) is, as found by the Probate Court, a material error. The Probate Court therefore properly exercised its discretionary authority when it deemed the estate open. *See id.* § 1–302(b) (1998) ("The Court has full power to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it.").

The entry is:

Judgment affirmed.