STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. CV-09-151
                                                  NM - KEN - 9/17/2010


STEPHEN E. F. LANGSDORF,
PERSONAL REPRESENTATIVE
OF NAOMI J. BUZZELL,

               Plaintiff

        v.                                        ORDER ON MOTION TO DISMISS

GREGORY N. BURCHSTEAD,
PERSONAL REPRESENTATIVE
OF THE ESTATE OF ALBERT J.
VIOLETTE, JR.,

               Defendant


        Defendant Gregory N. Burchstead, personal representative of the estate of Albert

J. Violette, Jr. (Burchstead), moves to dismiss the complaint filed by Stephen E. F.

Langsdorf in his capacity as personal representative of Naomi J. Buzzell (Langsdorf), on

the ground that the complaint is time-barred under the Probate Code.

        "For purposes of evaluating a motion to dismiss, we accept the facts alleged in

the complaint as true." Johnston v. Maine Energy Recovery Co., Ltd. P'ship, 2010 ME

52, ¶ 2, 997 A.2d 741, 743 (citing Halco v. Davey, 2007 ME 48, P 6, 919 A.2d 626, 629).

On April 8, 2008, Albert Violette murdered the plaintiff's decedent, Naomi Buzzell.

(Pl.'s Compl. ¶ 4.) Mr. Violette then died on April 9, 2008. (Def.'s Ans. and M. Dismiss

3.) The defendant was issued letters of authority as the personal representative of Mr.

Violette on April 16, 2008. (Pl.'s Compl. ¶ 3.) Notice to creditors of Mr. Violette's estate

was published in the Lincoln County News for two consecutive weeks beginning May

15, 2008, indicating that claims against Mr. Violette's estate not brought within four

1

months of the initial date of publication would be barred. (Def.'s Ans. and M. Dismiss 3.) On or about September 9, 2008, the plaintiff was appointed the personal representative of Ms. Buzzell's estate. (Pl.'s Compl. ¶ 2.) The plaintiff's wrongful death action was filed May 15, 2009 in the Kennebec Superior Court. (Docket Record.)

The defendant argues that the plaintiff's suit is untimely under the Maine Probate Code, specifically 18-A M.R.S. § 3-803 (2009), and therefore should be dismissed. The plaintiff counters that wrongful death claims are governed by 18-A M.R.S. 2-804 (2009), which provides a two-year statute of limitations for such actions, and asserts that this action is therefore not time-barred. For the following reasons, the motion to dismiss is denied.

Liabilities incurred by a person who subsequently dies, "whether arising in contract, in tort or otherwise," become "claims" against the decedent's estate. 18-A M.R.S. § 1-201 (4) (2009). Such claims then fall within the province of the Maine Probate Code. See, e.g., 18-A M.R.S. §§ 1-302, 3-105 (2009). To further the purposes of the Maine Probate Code, including "'to simplify and clarify the law concerning the affairs of decedents' and allow for the 'speedy and efficient' settlement of estates," Vincent v. Simard, 2002 ME 109, ¶ 8, 801 A.2d 996, 998 (quoting 18-A M.R.S. §§ 1-102(b)(1), (3) (1998)), the Maine Probate Code provides in part:

> A) All claims against a decedent's estate which arose before the death of the decedent . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by another statute of limitations or nonclaim statute, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following:
>
> 1) The time provided by section 3-801, subsection (b)[1] for creditors

---

[1] 18-A M.R.S. § 3-801 (b) provides: "A personal representative may give written notice by mail or other delivery to a creditor, notifying the creditor to present the creditor's claim within 4 months after the published notice, if given as

who are given actual notice, and the time provided in section 3-801, subsection (a)[2] for all creditors barred by publication; or

2) Nine months of the decedent's death.

18-A M.R.S. § 3-803 (a) (2009). The Code further provides that "[t]he running of any statute of limitations measured from some other event than death or the giving of notice to creditors is suspended for 4 months after the decedent's death, but resumes thereafter as to claims not barred by other sections." 18-A M.R.S. § 3-802 (b) (2009).

The statute creating the cause of action for wrongful death provides:

Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then the person or the corporation that would have been liable if death had not ensued shall be liable for damages as provided in this section, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as shall amount to a felony.

18-A M.R.S. § 2-804 (a) (2009). "An action under [the wrongful death statutory] section must be commenced within 2 years after the decedent's death." 18-A M.R.S. § 2-804 (b) (2009).

"The fundamental objective in interpreting statutes is to determine the intent of the Legislature in enacting them and to give effect to that intent." Pinkham v. Morrill, 622 A.2d 90, 95 (Me. 1993). "[T]he court should not read a statute to conflict with another statute when an alternative, reasonable interpretation yields harmony." Id.

Wrongful death actions are different from other tort actions in that they are created and bounded by statute. See Estate of Johnson, 2001 ME 39, ¶ 8, 766 A.2d 592, 595 (interpreting Florida law) ("The right of action and remedy on account of death by

---

provided in subsection (a), or within 60 days after the mailing or other delivery of the notice, whichever is later, or be forever barred. Written notice must be the notice described in subsection (a) or a similar notice."

[2] 18-A M.R.S. § 3-801 (a) provides: "A personal representative upon application for appointment shall pay a fee to the court to permit the register to publish a notice to creditors once a week for 2 successive weeks in a newspaper of general circulation in the county announcing the appointment and the personal representative's address and notifying creditors of the estate to present their claims within 4 months after the date of the first publication of the notice or be forever barred."

3

wrongful act did not exist at common law, but is purely statutory. . . . The right of action is limited by and should not be extended beyond the meaning of the terms of the statute creating such cause of action.); Danforth v. Emmons, 124 Me. 156, 158-59, 126 A. 821, 822 (1924). While both parties recognize the "principle of statutory construction that a statute dealing with a subject specifically prevails over another statute dealing with the same subject generally," Butler v. Killoran, 1998 ME 147, ¶ 11, 714 A.2d 129, 133 (citation omitted), they disagree as to which is the specific statute and which is the general statute. (Pl. Obj. to Mot. Dismiss at 3; Def. Reply Memo. to Pl. Obj. to Mot. Dismiss at 3.)

The plaintiff argues persuasively that the statute creating the tort of wrongful death, even as applied against an estate, is more specific than the statute specifying the time window during which any sort of claim may be brought against an estate. The court disagrees with the defendant's premise that the statute, which provides time periods during which a broad category of claims is timely, is a specific statute. The time limitation applying to tort claims generally, incurred before the death of the decedent, excludes claims for wrongful death. For this reason, Bernardi v. Shapiro, 1995 Me. Super. LEXIS 456 (Dec. 22, 1995), cited by the defendant, is inapplicable.

Moreover, dismissal of the plaintiff's wrongful death claim is inconsistent with the statutory scheme. The Maine Probate Code specifically provides, "This Code shall be liberally construed and applied to promote its underlying purposes and policies." 18-A M.R.S. § 1-102 (a) (2009); see also, e.g., Pinkham, 622 A.2d 94-95 (quoting 24-A M.R.S.A. § 4434 (1990)) (noting that a statute providing that it "shall be liberally construed to effect the purpose stated under" the pertinent chapter is inconsistent with strict statutory construction). The Code's purpose and policy against homicide is clear from 18-A M.R.S. § 2-803, titled, "Effect of homicide on intestate succession, wills, joint

4

assets, life insurance and beneficiary designations," which prevents a beneficiary from realizing his or her expectancy in the decedent's estate if the beneficiary "feloniously and intentionally kills" the decedent. 18-A M.R.S. § 2-803 (a), (b), (c) (2009). The provision does not limit this legislative policy to expected beneficiaries, as it includes a catch-all provision to ensure that a murderer does not profit from his crime through the disposition of the decedent's estate: "Any other acquisition of property or interest by the killer shall be treated in accordance with the principles of this section." 18-A M.R.S. § 2-803 (d) (2009). Foreclosure of the plaintiff's recovery in wrongful death would be a gain to the estate of the defendant. Further, an interpretation of the timeliness provisions of 18-A M.R.S. § 3-803 (a) (2009) as a bar to the plaintiff's wrongful death claim would be inconsistent with the statutory scheme requiring liberal construction and disfavoring gains resulting from homicide.

The final consideration underlying the court's conclusion that legislative intent supports denial of the motion to dismiss concerns fundamental fairness, notice, and opportunity to be heard. As discussed above, wrongful death is a statutorily created tort that did not exist at common law. See Estate of Johnson, 2001 ME 39, ¶ 8, 766 A.2d at 595; Danforth v. Emmons, 124 Me. at 158-59. As discussed, statutory recovery in wrongful death represents the only method of civil recovery for this type of harm. "It is also significant that the legislature in the wrongful death statute has provided that every action thereunder shall be brought by the personal representative of the deceased, thereby preventing any tolling of the statute of limitations under 14 M.R.S.A. § 853 (Supp. 1986) . . . ." Durepo v. Fishman, 533 A.2d 264, 266 n.3 (Me. 1987). The publication of the notice to creditors of Mr. Violette's estate, required by 18-A M.R.S. § 3-801 (a) (2009) to begin the statutory four-month claim period, took place over two

5

weeks beginning May 15, 2008 (Def.'s Ans. and M. Dismiss 3); the plaintiff was not appointed the personal representative of Ms. Buzzell's estate until September 9, 2008, nearly four months later. (Pl.'s Compl. ¶ 2.) Upon becoming the personal representative of Ms. Buzzell's estate, the plaintiff became an "interested person" for purposes of the Maine Probate Code:

> "Interested person" includes heirs, devisees, children, spouses, domestic partners, creditors, beneficiaries and any others having a property right in or claim against . . . the estate of a decedent . . . that may be affected by the proceeding. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons.

18-A M.R.S. § 1-201 (20) (2009). As an "interested person," the plaintiff should have received notice from Mr. Violette's estate pursuant to 18-A M.R.S. §§ 1-401 and 1-403 (2009). To foreclose the cause of action when the plaintiff was not made aware of the notice to creditors at the time of its issuance, nor alerted upon his becoming an "interested person" of the defendant's belief that the window for creditors' claims was about to close, would be inconsistent with the statutory scheme's notice provisions, as well as with fundamental fairness.

The entry is

The Defendant Burchstead's Motion to Dismiss is DENIED.

Date: September 17, 2010

Nancy Mills
Justice, Superior Court